[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT OF DEFENDANT BURGER KING CORPORATION
The plaintiff has brought this action against Burger King Corporation for personal injuries she sustained as a result of a fall caused by an allegedly defective sidewalk and insufficient lighting on the sidewalk at the Burger King Restaurant located at 524 Farmington Avenue, Hartford, Connecticut on May 24, 1989. The defendant has introduced evidence to prove the following facts.
On June 27, 1984, Burger King Corporation leased to the defendants Ronald A. Dickerson and Gary K. Baker the premises known as Burger King Restaurant located at 524 Farmington Avenue, Hartford, Connecticut. Pursuant to that lease, possession of the premises was delivered to the lessees, Dickerson and Baker, and they agreed to keep and maintain the premises in good order and condition at their own cost and expense. The lease remained in force and effect through and including the date of the accident in question. At no time while the lease was in effect did any representative of Burger King enter the premises to make repairs. On the day of the plaintiff's alleged fall Dickerson and Baker were in possession and control of the premises in question. At no time during the term of the lease did Burger King Corporation exercise possession or control over the premises.
A court may grant a motion for summary judgment when the evidence and affidavits submitted in support thereof demonstrate that no genuine issue of material fact remains between the parties and that the movant is entitled to judgment as a matter of law. Connecticut Practice Book 384; Catz v. Rubenstein, 201 Conn. 39, 48, 513 A.2d 98 (1986); Daily v. New Britain Machine Co., 200 Conn. 562, 568,512 A.2d 893 (1986). Mere assertions of fact, whether contained in a CT Page 2531 complaint or brief, are insufficient to establish the existence of a material fact for purposes of summary judgment. Bartha v. Waterbury House, 190 Conn. 8, 12, 459 A.2d 115
(1983). A party opposing a motion for summary judgment must file affidavits or other documentary evidence to contradict the evidence submitted by the party seeking summary judgment. Practice Book 380.
Both the plaintiff and the defendant Burger King agree that liability for injuries caused by defective premises is not based upon title, but rather, upon possession and control. Farlow v. Andrews Corp., 154 Conn. 220, 225,224 A.2d 546 (1966). "It is the possession of land that imposes the liability for injuries, rather the ownership of land . . . [because] the person in possession is in a position of control and is best able to prevent harm." D. Wright, T. Fitzgerald and W. Ankerman, Connecticut Law of Torts, Section 46, at 108 (1991). A lessor retains no rights over leased premises except those clearly and expressly reserved by the lease. State v. Schaffel, 4 Conn. Cir. Ct. 234, 247, 229 A.2d 552 (1966). Whether control of the premises has been retained by the lessor is determined by examining the terms of the lease. Martel v. Malone, 138 Conn. 385, 388, 389, 85 A.2d 246
(1951).
When the language of a written lease is plain and unambiguous, it is not subject to interpretation, enlargement construction. Central New Haven Development Corp. v. LaCrepe, Inc., 177 Conn. 212, 215, 413 A.2d 840 (1979). Control is an issue of fact for the trier only where the written lease cannot be said to resolve definitively or expressly the issue of control. Panaroni v. Johnson, 158 Conn. 92, 99,256 A.2d 246 (1969); Rogers v. Great Atlantic Pacific Tea Co.,148 Conn. 104, 107, 167 A.2d 712 (1961).
The lease between Burger King and Dickerson and Baker, provides in pertinent part:
 2.2 POSSESSION. Possession of the premises shall be delivered to the lessee on the commencement date.
 5.2. REPAIRS AND MAINTENANCE. Lessee shall, at all times during the term, at its own cost and expense, keep and maintain the premises CT Page 2532 and all fixtures and located on it in good order and condition, and subject to all applicable terms of paragraphs 5.3 and 5.8, shall make all necessary and desirable repairs, restorations thereof, structural and nonstructural . . . . In the event that lessee fails or neglects to make all the necessary repairs of fulfill other obligations as set forth above, lessor or its agents may enter the premises for the purpose for making such repairs or fulfilling those obligations.
The Superior Court has granted motions for summary judgment based on a review of unambiguous lease provisions concerning control of the premises or the obligation to care for, or repair the premises. See O'Neill v. Le-Ad of Bloomfield Inc., 8 Conn. L. Trib., No. 35, P. 17, at 19 (1982); Dunn v. Gonda, 1 Conn. L. Rptr. 424 (1990). In O'Neill, the court granted summary judgment in favor of a tenant in a shopping center who was sued by a customer who fell in the shopping center's common parking area. The fall was allegedly caused by inadequate lighting, and an accumulation of ice and snow on the parking lot. The lease granted all tenants the right to use the common parking areas, but required the owner to remove snow ice and debris from the lot.
In opposition to the Motion for Summary judgment the plaintiff has attempted to create a genuine issue of material fact by pointing to a portion of 5.2 of the lease cited above, which permits the lessor or its agents to enter the premises for the purpose of making repairs in the event that the lessee fails to do so. Absent some evidence presented by a plaintiff that the lessor, Burger King Corporation, did, in fact, make repairs to the premises, reliance on the aforementioned language in the lease is insufficient to create an issue of material fact in the face of the evidence submitted by Burger King Corporation that it did not make repairs during the lease period.
The plaintiff has also relied on the case of Webel v. Yale University, 125 Conn. 515 A.2d 215 (1939), which provides that where premises are leased for public use, a landlord may not be absolved from the responsibility for the premises where the following conditions exist: CT Page 2533
 1. The defect in question existed at the commencement of the lease;
 2. The owner knew or should have known of the defect;
 3. The owner knew or should have known, that the tenant could not reasonably be expected to remedy the defect.
The mere citation of the law set forth in the Webel case is insufficient to create a genuine issue of material fact. The plaintiff has failed to present any evidence that the defects in question existed at the commencement of the lease, that Burgar King Corporation knew or should have known of the defect, or that the lessees, defendants Dickerson and Baker, could not reasonably be expected to remedy the defects.
For the foregoing reasons, summary judgment may enter in favor of the defendant Burger King Corporation.
By the Court Aurigemma, J.