[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Kevin and Kyle Garnett, father and son, filed this action March 19, 1992, against the defendant, McDonald's Corporation ("McDonald's"). The plaintiffs seek to recover damages for an alleged slip and fall accident involving Kyle Garnett, a minor, which occurred on October 12, 1990 at a McDonald's restaurant. On May 20, 1992, the court granted McDonald's motion to cite in party defendants, Richard and Kathryn Spero (the "Speros"), who were the licensees and franchisees of the subject McDonald's restaurant located at 687 Main Street, East Haven, Connecticut. On June 10, 1992, the plaintiffs filed an amended summons and complaint to include the Speros as party defendants.
On June 14, 1993, the plaintiffs filed a four-count revised complaint. In the first count, the plaintiffs allege that McDonald's was negligent in that Kyle Garnett slipped on the restaurant floor which had just been washed and left in an unreasonably slippery condition. As a result of said negligence, he was injured and required medical treatment. In the second count, the plaintiffs allege that as a result of McDonald's negligence, Kyle Garnett will continue to suffer a loss of his enjoyment of his life's leisure activities and will suffer a diminution in his future earning capacity. In the third count, the plaintiffs allege that the Speros were negligent because the floor was wet and left in an unreasonably safe condition. Finally, in the fourth count, the plaintiffs allege that as a result of the Speros' negligence, Kyle Garnett will continue to suffer a loss of his enjoyment of his life's leisure activities and will suffer a diminution in his future earning capacity. CT Page 8424
On July 13, 1993, McDonald's filed a motion for summary judgment on the ground that there is no genuine issue of material fact regarding McDonald's liability in this action. In support of its motion for summary judgment, McDonald's filed an accompanying memorandum of law, copies of the Speros' franchise and license agreements, the lease, and an affidavit from Mr. Edward Honesty, senior corporate attorney for McDonald's. In opposition, the plaintiffs timely filed a memorandum of law, portions of deposition testimony from two McDonald's employees, the notice of lease, and an affidavit from Kyle Garnett.
A motion for summary judgment should be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Connell v. Colwell, 214 Conn. 242, 246, 571 A.2d 116 (1990), quoting Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399, 402, 528 A.2d 805
(1987); Practice Book 384. "A motion for summary judgment shall be supported by such documents as maybe appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Practice Book 380.
"The burden of establishing the absence of a genuine issue of fact and the entitlement of recovery as a matter of law lies with the moving party." Zapata v. Burns, 207 Conn. 496, 502,542 A.2d 700 (1988). The test for deciding whether to grant a motion for summary judgement [judgment] "is whether a party would be entitled to a directed verdict on the same facts." Connelly v. Housing Authority, 213 Conn. 354, 364, 567 A.2d 596 (1969). Motions for summary judgment should not ordinarily be granted in negligence cases because negligence is usually a mixed question of fact and law. See, e.g., Fogarty v. Roshaw, 193 Conn. 442, 446,476 A.2d 582 (1984); Amendola v. Geremia, 21 Conn. App. 35, 37, 571 A.2d 131
(1990).
In its memorandum of law, McDonald's concedes that it is the owner of the premises and the lessor of the real property, but denies that it had possession or control of the premises at the time of this accident. McDonald's argues that according to the franchise and lease agreements with the Speros, the Speros maintained possession land control of the premises. Specifically, McDonald's argues that according to paragraph 5(d) of the franchise agreement, the Speros agreed to keep and maintain the restaurant, CT Page 8425 its equipment and furnishings in good repair. In the operator's lease, the Speros, as lessees, further agreed to keep the entire premises in good repair, order or condition. Based on the terms of these agreements, McDonald's argues that the Speros are liable for the plaintiff's accident because they had the duty to keep and maintain the premises, which duty included the duty to keep and maintain the floor at the time of the accident. McDonald's further relies on the affidavit from Mr. Honesty which states that McDonald's does not participate in the operation land management of this restaurant. Therefore, McDonald's argues that there is no issue of fact regarding its liability and the court should grant the motion for summary judgment.
In opposition, the plaintiffs claim that there are genuine issues of material fact regarding who had control of the premises at the time and location of the accident. The plaintiffs claim that the Speros were required to follow the "McDonald's System" in terms of its business policy and procedure pursuant to the terms of the franchise and license agreements. This system allegedly dictated practices relating to cleanliness such as mopping the floor. Also, the plaintiffs claim that there is another issue of fact regarding control of the premises because McDonald's Corporation is the name on the notice of lease. Therefore, the plaintiffs argue that the court should deny McDonald's motion for summary judgment.[1]
"Liability for injuries caused by defective premises is not based upon title, but on possession and control." Farlow v. Andrews Corp., 154 Conn. 220, 225, 224 A.2d 546 (1966). Whether control of the premises has been retained by the lessor is determined by examining the terms of the lease. Martel v. Malone,138 Conn. 385, 388, 389 A.2d 246 (1951). When the language of a written lease is plain and unambiguous, it is not subject to interpretation or construction. Central New Haven Development Corp. v. LaCrepe, Inc., 177 Conn. 212, 215, 413 A.2d 840 (1979).
 Unless it is definitely expressed in the lease, the circumstances of the particular case determine whether the lessor has reserved control of the premises or whether they were under the exclusive dominion of the tenant, and it becomes a question of fact and is a matter of intention in the light of all the significant and attendant facts which bear on the issue.
CT Page 8426
(Citations omitted.) Panaroni v. Johnson, 158 Conn. 92, 98,256 A.2d 246 (1969).
In Posta v. McDonalds's Corp., 7 CSCR 332 (February 18, 1992, Lewis, J.), the court denied the defendant's motion for summary judgment on the ground that there were genuine issues of fact as to whether McDonald's was responsible for accidents occurring in or about the premises. In that case, the plaintiff presented evidence that the franchisee never filed a trade name certificate and that there was an issue of whether an agency relationship existed between the franchisor and the franchisee. The court stated that "the relationship between [the parties] as franchisor and franchisee should be analyzed in the context of a factual hearing and does not lend itself to disposition by way of summary judgment." Id., but see Charest v. Burger King Corporation,8 CSCR 369 (April 12, 1993, Aurigemma, J.) (the court granted the defendant's motion for summary judgment in a negligence case on the ground that there were no genuine issues of fact based on the terms of the lease agreement which provided that the lessee shall keep and maintain the premises in good order and condition.)
In the present case there are genuine issues of material fact regarding the liability of each party defendant based on who had control of the premises at the time of the accident. The agreements between the parties do not explicitly provide whether McDonald's or the Speros retained exclusive possession or control of the premises or whether McDonald's was absolved from liability if an accident occurred on the premises.
As franchisees and licensees, the Speros agreed to keep and to maintain the premises in good repair. See Franchise Agreement, paragraph 5; License Agreement, paragraph 12. Nevertheless, McDonald's retained strict control over the policies and procedures of the franchise. See License Agreement, paragraph one. Under paragraph one of the license agreement, the Speros were required to maintain McDonald's standards for cleanliness. Also, the Speros were obligated to follow the "McDonald's System" in operating the restaurant. See License Agreement, paragraph 12. As the plaintiffs allege that Kyle Garnett was injured as a direct result of negligent cleaning practices and as these practices are allegedly imposed by McDonald's, there is a question of fact for the jury to determine the extent to which McDonald's is responsible for the cleaning procedure followed by the employees on the date of the accident. CT Page 8427
Therefore, there are genuine issues of material fact as to whether McDonald's was in possession and control of the premises and is liable for the condition of the floor at the time of the accident. Accordingly, McDonald's motion for summary judgment is denied.
Howard F. Zoarski, Judge