[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #138
On July 11, 1991, the plaintiff filed a two count complaint, sounding in negligence, against defendants Caldor, Inc. (Caldor), Ciberio Three U.S.A., Inc. (Ciberio), and the Montgomery Elevator Company (Montgomery). In count one the plaintiff alleges that she suffered injuries while in the defendant Caldor store located at the Hawley Lane Shopping Center, Trumbull, Connecticut. The plaintiff alleges that both Caldor and Ciberio were in possession and control of the Caldor's store and the escalator located within the store. The plaintiff alleges that her injuries occurred while she was travelling with a shopping cart on an escalator located within the Caldor store. The plaintiff alleges that the escalator and the shopping carts within the Caldor store were in a dangerous and defective condition and that the defendants Caldor and Ciberio knew or should have known of such condition.
In count two the plaintiff alleges that defendant Montgomery undertook the inspection, service and maintenance of the escalator upon which the plaintiff was injured. The plaintiff alleges that the defendant Montgomery was negligent in maintaining the escalator in a dangerous and defective condition and that Montgomery knew or should have known of such condition.
On July 6, 1993, the defendant Ciberio filed a motion for summary judgment with an affidavit, documentary evidence, and memorandum in support. On October 27, 1993, the plaintiff filed a memorandum in opposition together with documentary evidence.
Summary judgment should be granted if the pleadings, affidavits and other proof show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Practice Book 384; see also Lees v. Middlesex Ins. Co., 219 Conn. 644, 650, 594 A.2d 592 (1991). CT Page 1754 "The movant must show that it is quite clear what the truth is, and that it excludes any real doubt as to the existence of any general issue of material fact." (Citations omitted.) State v. Goggin, 208 Conn. 606, 616, 546 A.2d 250 (1988). "The court's function is not to decide issues of material fact but instead to determine whether such issues exist." (Citation omitted.) DeMotses v. Leonard Schwartz Nissan, Inc., 22 Conn. App. 464,466, 578 A.2d 144 (1990). In deciding a motion for summary judgment, the trial court must view the pleading and documents submitted in the light most favorable to the non-moving party. Connell v. Colwell, 214 Conn. 242, 246, 247, 571 A.2d 116
(1990).
The defendant Ciberio argues that as owner of the Hawley Lane Shopping Mall, it was neither in possession and/or control of the escalator on which the plaintiff allegedly suffered injury, nor of the Caldor store itself. Ciberio argues that it leased the premises to Caldor; the escalator was located within the leased premises; and Caldor exerted possession and control over the premises and the escalator. In support of the motion, Ciberio submits an affidavit of Thomas J. Conway, an officer of Ciberio whose duties include asset and portfolio management, and answers of defendant Caldor to requests for admissions made by the defendant Caldor. These answers demonstrate that Caldor rents space as a tenant in the Ciberio owned Hawley Lane Shopping Center. However, no lease agreement between the defendants Caldor and Ciberio has been submitted as documentary evidence.
In response, the plaintiff argues that the affidavit submitted by the defendant is insufficient as it fails to contain facts which support the motion and contains a conclusory opinion that Ciberio did not possess or control the premises or the escalator. The plaintiff contends that a factual dispute exists surrounding the possession and control of the premises and the escalator on which the plaintiff was injured.
Liability can be predicated upon negligence in the control and possession of premises, as opposed to mere ownership. Mack v. Clinch, 166 Conn. 295, 296, 348 A.2d 669 (1974). "It is the possession of land that imposes the liability for injuries, rather [than] [sic] the ownership of land . . . [because] the person in possession is in a position of control and is best able to prevent harm." (Internal quotation marks omitted.) Charest v. Burger King Corporation 8 CSCR 369 (March 3, 1993, Aurigemma, CT Page 1755 J.), quoting D. Wright, T. Fitzgerald and W. Ankerman, Connecticut Law of Torts, Section 46, at 108 (1991). "The word `control' has no legal or technical meaning distinct from that given in its popular acceptation . . . and refers to the power or authority to manage, superintend, direct or oversee." (Citations omitted.) Panaroni v. Johnson, 158 Conn. 92, 98,256 A.2d 246 (1958).
"Unless it is definitely expressed in the lease, the circumstances of the particular case determine whether the lessor has reserved control of the premises or whether [the premises] were under the exclusive dominion of the tenant, and it becomes a question of fact and is a matter of intention in the light of all the significant and attendant facts which bear on the issue." (Citation omitted.) Id.
 Responsibility for the proper care over portions of the premises within the leased area may rest with the lessor if, with the acquiescence of the lessee, he retains control, and an agreement between the parties as to the landlord's right to inspect the premises together with his exclusive right to make repairs therein and the tenant's total abstention from making any repairs would be the equivalent of retention of control of the leased premises.
(Citations omitted.) Id., 98. "Control is an issue of fact for the trier only where the written lease cannot be said to resolve definitively or expressly the issue of control." Charest v. Burger King, supra, 370, citing Panaroni v. Johnson, supra. See also Edgar v. Burger King Corp., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 387119 (January 19, 1993); Francis v. Gingras, Superior Court, judicial district of Tolland at Rockville, Docket No. 45301 (December 12, 1991).
A question of fact arises with regard to possession and control only where the lease agreement fails to resolve such question of fact. Without the lease agreement between Ciberio and Caldor, the court cannot discern whether the issue of control of the escalator has been expressly determined in the lease. Pursuant to the foregoing, there remains a material issue of fact as to the possession and control of the subject CT Page 1756 escalator. The defendant Ciberio's motion for summary judgment is, accordingly, denied.
MAIOCCO, J.