[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT FILED BYDEFENDANTS AS TO COUNTS ONE, THREE AND FOUR.
ISSUE
Should the court grant the motions for summary judgment filed by the defendants?
FACTS
The plaintiff, Rodney Jackson, instituted this action against the defendants, Stop Shop Supermarket Company (Stop Shop) and Torrington Associates, to recover damages for injuries allegedly sustained as the result of a fall on a short-cut entrance to a CT Page 3410 supermarket in Torrington, Connecticut. The plaintiff's four count amended complaint alleges claims of negligence and nuisance against the defendants. The plaintiff's claims are based on allegations that Stop Shop, as lessee, and Torrington Associates, as owner and lessor, controlled and maintained the premises where the plaintiff incurred his injuries. Stop Shop and Torrington Associates now move for summary judgment on the first, third and fourth counts of the amended complaint.
The amended complaint alleges the following facts. On November 22, 1991, the plaintiff was walking on a short-cut entrance to the Stop Shop supermarket in Torrington, access to which was controlled by Stop Shop. As the plaintiff descended an unpaved, well-worn pathway of dirt and gravel, used by nearby residents and the plaintiff as a short-cut, he fell and sustained injuries. The first count alleges negligence against Stop Shop. The second count also alleges negligence on the part of Torrington Associates. The third count alleges nuisance on the part of Torrington Associates, while the fourth count alleges nuisance on the part of Stop Shop. The defendants filed an answer and special defenses to the amended complaint, and the plaintiff has filed a reply.
Stop Shop and Torrington Associates now move for summary judgment on the first, third and fourth counts of the amended complaint. In support of their motion, the defendants filed an affidavit and supporting documentation. The plaintiff timely filed memoranda of law in opposition with attachments.
DISCUSSION
"Summary judgment procedure, generally speaking, is an attempt to dispose of cases in a manner which is speedier and less expensive for all concerned than a full-dress trial. Orenstein v.Old Buckingham Corp., 205 Conn. 572, 574, 534 A.2d 1172 (1987). "Practice Book § 384 provides that `summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Water Way Properties v. Colt's Mfg. Co., 230 Conn. 660,664, ___ A.2d ___ (1994). "The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation CT Page 3411 to demonstrate the existence of a genuine issue of material fact."Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105, 639 A.2d 507
(1994). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Water Way Properties v. Colt's Mfg. Co.,
supra, 664. "The test is whether a party would be entitled to a directed verdict on the same facts." Haesche v. Kissner, 229 Conn. 213,217, ___ A.2d ___ (1994).
Stop Shop argues that the court should grant summary judgment as to the first count because it owed no duty to the plaintiff since it was not in possession and control of the portion of the premises where the plaintiff allegedly fell and sustained injuries. Stop Shop contends that under the terms of the lease, the lessor, Torrington Associates, maintained control and possession of the short-cut where the plaintiff fell. Additionally, Stop Shop claims that at no time did it ever assume control of that area of the premises.
The plaintiff argues that summary judgment should be denied because genuine issues of fact exist. The plaintiff argues that under the lease, Stop Shop had the option to exercise control over common areas of the premises if Torrington Associates did not fulfill its maintenance obligation. The plaintiff contends that this provision gave Stop Shop the ultimate power to decide who should maintain the premises, and that, in effect, Stop Shop oversaw Torrington Associate's maintenance of the premises. The plaintiff contends that Stop Shop thereby exercised control over the premises. Additionally, the plaintiff contends that these issues are not appropriate for summary adjudication.
Liability can be predicated upon negligence in the control and possession of premises, as opposed to mere ownership. Mack v.Clinch, 166 Conn. 295, 296, 348 A.2d 669 (1974). "It is the possession of land that imposes the liability for injuries, rather [than] [sic] the ownership of land . . . [because] the person in possession is in a position of control and is best able to prevent harm." (Internal quotation marks omitted.) Charest v. Burger King,8 CSCR 369 (March 3, 1993, Aurigemma, J.), quoting D. Wright, J. Fitzgerald and W. Ankerman, Connecticut Law of Torts, Section 46, at 108 (1991). "The word `control' has no legal or technical meaning distinct from that given in its popular acceptation . . . and refers to the power or authority to manage, superintend, direct or oversee." (Citations omitted.) Panaroni v. Johnson, 158 Conn. 92,98, 256 A.2d 246 (1958). "Unless it is definitely expressed in CT Page 3412 the lease, the circumstances of the particular case determine whether the lessor has reserved control of the premises or whether [the premises] were under the exclusive dominion of the tenant, and it becomes a question of fact and is a matter of intention in the light of all the significant and attendant facts which bear on the issue." (Citation omitted.) Id.
 Responsibility for the proper care over portions of the premises within the leased area may rest with the lessor if, with the acquiescence of the lessee, he retains control, and an agreement between the parties as to the landlord's right to inspect the premises together with his exclusive right to make repairs therein and the tenant's total abstention from making any repairs would be the equivalent of retention of control of the leased premises.
(Citations omitted.) Id., 98. "Control is an issue of fact for the trier only where the written lease cannot be said to resolve definitively or expressly the issue of control." Charest v. BurgerKing, supra, 370, citing Panaroni v. Johnson, supra. See also Edgarv. Burger King Corp., Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 387119 (January 19, 1993, Miano, J.); Francis v. Gingras, Superior Court, Judicial District of Tolland at Rockville, Docket No. 45301 (December 12, 1991, McWeeny, J.).
On this motion for summary judgment, both parties submitted the lease agreement between Torrington Associates, the landlord, and Stop Shop, the tenant. Under the terms of this lease, the term "Common Facilities" includes "all parking areas, aisles, driveways, entrances, exits . . . and any plantings and landscaped areas which Landlord elects or is required to construct." None of the parties dispute that the area where the plaintiff allegedly fell and sustained injuries was part of the common facilities as defined in the lease. The lease also provides that the "Landlord shall maintain all of the Common Facilities in good order, repair and condition, free of snow, ice and refuse, and free of obstructions, but Landlord shall not be required to remove snow and ice from landscaped areas or to remove, snow ice or refuse from the sidewalks adjacent to the demised premises." The obligations of Stop Shop under the lease include keeping and maintaining "the sidewalks adjacent to the demised premises reasonably free of snow, ice and refuse." The lease, however, does not place on Stop Shop any obligation to maintain the common facilities besides the CT Page 3413 sidewalks adjacent to the demised premises. Stop Shop's only obligation under the lease is to maintain the demised premises, which includes the area of the shopping center building and a bottle return, and the sidewalks adjacent thereto.
The plaintiff does not allege that the fall occurred in any of the areas where Stop Shop had a maintenance obligation. Additionally, Stop Shop submitted requests for admission to which the plaintiff did not respond, and, therefore, are deemed as admitted. Practice Book Sec. 239. These admissions show that the plaintiff's fall did not occur in the supermarket building or the bottle return area, but instead on an unpaved dirt and gravel area leading to the parking lot of the shopping center. Therefore, it is clear that Stop Shop had no obligation to maintain the area where the plaintiff fell, and, thus was not in control of that area. Instead, Torrington Associates retained the maintenance obligation for the area of the premises where the plaintiff fell, and thereby retained control of that portion of the premises.
The plaintiff argues, however, that Stop Shop had ultimate control of the premises, since under the lease Stop Shop could under certain circumstances elect to assume the lessor's maintenance obligation. Section 6.4 of the lease provides that "if Tenant, in Tenant's reasonable judgment determines that Landlord's maintenance and operation of the Common Facilities does not meet the general shopping center standards . . . Tenant shall have the right, upon not less than thirty days prior written notice to Landlord, to assume the maintenance obligations of Landlord. . . ." In Charest v. Burger King Corporation, supra, 8 CSCR 369, the plaintiff made a similar argument concerning a lease provision that gave the lessor a right to enter the property and make repairs if the lessee did not meet its obligation to do so. The court found that the lease language alone, without evidence of the actual assumption of such an obligation, did not create an issue of fact. Id., 370. In this case, the language relied upon by the plaintiff also fails to create a genuine issue of material fact. Absent some evidence presented by the plaintiff that Stop Shop did, in fact, exercise control over the pathway, reliance on the aforementioned language in the lease is insufficient to create an issue of material fact, especially in the face of the evidence submitted by Stop Shop that it did not exercise control over the pathway.
While issues of negligence, intent and motive are generally ill-suited for summary judgment, the plaintiff "must present a factual predicate for his argument in order to raise a genuine CT Page 3414 issue of fact." Wadia Enterprises, Inc. v. Hirschfield, 224 Conn. 240,250, 618 A.2d 506 (1992). In this case, the evidence submitted by the plaintiff does not create an issue of fact. Therefore, the motion for summary judgment as to the first count is granted.
Stop Shop and Torrington Associates also move for summary judgment as to the third and fourth counts, which allege nuisance. The defendants contend that the plaintiff has failed to allege a cause of action for either public or private nuisance. While the plaintiff did not contest this portion of the defendants' motion in his memorandum in opposition, at oral argument the plaintiff claimed that these counts sufficiently alleged claims for nuisance.
Generally, "[a] challenge to the legal sufficiency of a complaint, through a motion to strike, must be pleaded and ruled on before the defendant files an answer to the plaintiff's complaint."Burke v. Avitabile, 32 Conn. App. 765, 769, 630 A.2d 624 (1993). In Boucher Agency v. Zimmer, 160 Conn. 404, 279 A.2d 540 (1971), however, the court ruled that a motion for summary judgment may be used to test the legal sufficiency of a complaint where "the parties are at issue on an answer filed," and only "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact. . . ." Id., 409. Since the defendants have filed an answer and special defense, and the plaintiffs have filed a reply to the special defense, the defendants may test the legal sufficiency of the third and fourth counts of the complaint through this motion for summary judgment.
Connecticut case law recognizes a variety of types of nuisance. "Nuisances may be characterized as public or private, and may be absolute (intentional) or merely the result of negligence." Stewart v. Federated Department Stores. Inc.,4 Conn. L. Rptr. 67, 69 (May 17, 1991, Lewis, J.). "`[N]uisances are public where they violate public rights, and produce a common injury, and where they constitute an obstruction to public rights. . . .'" (Citation omitted.) Starr v. Commissioner ofEnvironmental Protection, 226 Conn. 358, 394-95, 627 A.2d 1296
(1993). Private nuisances exist only where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in land. Webel v. Yale University, 125 Conn. 515, 525,7 A. 215 (1939).
"If the creator of the condition intends the act that brings CT Page 3415 about the condition found to be a nuisance, the nuisance thereby created is said to be absolute and its creator strictly liable.Quinnet v. Newman, 213 Conn. 343, 348, 568 A.2d 786 (1990). "A negligent nuisance occurs where a creator fails to exercise due care in bringing about the condition." Stewart v. FederatedDepartment Stores, Inc., 4 Conn. L. Rptr. 69. The only practical difference between negligent and absolute nuisance is that the defense of contributory negligence is only available to a claim grounded in negligence. Id., citing Kostyal v. Cass, 163 Conn. 92,98-99, 302 A.2d 121 (1971).
In order to prevail on a claim of nuisance a plaintiff must prove: (1) the condition complained of had a natural tendency to create danger and inflict injury upon person-or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; (4) existence of the nuisance was a proximate cause of the plaintiff's injuries and damages. TomassoBros., Inc. v. October Twenty-Four, Inc., 221 Conn. 194, 197,602 A.2d 1011 (1992). Where public nuisance is alleged, the plaintiff must also prove that "(1) the condition or conduct complained of interfered with a right common to the general public; and (2) the alleged nuisance was absolute or intentional." (Citations omitted.) State v. Tippetts-Abbett-McCarthy-Stratton, 204 Conn. 177,183, 527 A.2d 1383 (1991). Plaintiffs alleging public nuisance also must allege facts demonstrating that the condition or conduct complained of interfered with a right common to the general public. Stewart v. Federated Department Stores, supra, citingHiggins v. Connecticut Light Power Co., 129 Conn. 606, 611,30 A.2d 388 (1943).
In this case, the third and fourth counts of the amended complaint allege only the first four elements of nuisance, and do not allege an injury "in relation to a right which [the plaintiff] enjoys by reason of his ownership of an interest in land." Webelv. Yale University, supra, 125 Conn. 525. Additionally, an individual whose status on the property is that of a business invitee has neither a property interest nor a privilege in the premises. Stewart v. Federated Department Stores, supra, citingDahlstrom v. Roosevelt Mills, Inc., 27 Conn. Sup. 355, 356,238 A.2d 431 (Super.Ct. 1967). Therefore, the third and fourth counts do not sufficiently allege claims for private nuisance.
Additionally, these counts do not sufficiently allege claims for public nuisance. There are no allegations that the conditions on the premises interfered with a right common to the CT Page 3416 general public. Higgins v. Connecticut Light Power Co., supra,129 Conn. 611. Furthermore, a person entering a premises at the express or implied invitation of a tenant or owner is not exercising a public right, but is entering as a visitor, who cannot recover on a public nuisance claim. Stewart v. FederatedDepartment Stores, supra, citing Webel v. Yale University, supra,125 Conn. 514-15. In the third and fourth counts, the plaintiff has failed to allege facts demonstrating conditions that interfered with a right common to the general public. As such, these counts fail to allege claims under a public nuisance theory.
Since the third and fourth counts fail to allege facts sufficient to sustain causes of action for nuisance under any category, the defendants' motion for summary judgment as to the third and fourth counts is granted.
For these reasons, Stop Shop's and Torrington Associates' motion for summary judgment on the first, third and fourth counts of the amended complaint is granted.
HON. RICHARD A. WALSH, J.