[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This is an action to recover damages for personal injuries sustained in a fall on allegedly defective steps of Congregation Beth Israel in West Hartford when Plaintiff was exiting after voting in a municipal election.
The first count sounding in negligence is directed to the Congregation. The second and third counts are directed to the registrars who arranged to use the premises for a voting place, alleging they were in control of the premises that day. The fourth count is directed against the Town under General Statutes § 7-465 (2).
The Registrars and the Town move for summary judgment on counts two, three and four on the ground that the registrars are CT Page 7139 immune from liability under General Statutes § 52-557n(b)(8), which reads as follows:
 [A] political subdivision of the state or any employee, officer or agent acting within the scope of his employment or official duties shall not be liable for damages to person or property resulting from . . . (8) failure to make an inspection or making an inadequate or negligent inspection of any property, other than property owned or leased by or leased to such political subdivision, to determine whether the property complies with or violates any law or contains a hazard to health or safety, unless the political subdivision had notice of such a violation of law or such hazard or unless such failure to inspect or such inadequate or negligent inspection constitutes a reckless disregard for health or safety under all the relevant circumstances. . . .
— I —
Defendants argue extensively that there is no evidence that the Town leased or owned the premises within the language of the statute but that is a question of material fact. Moreover this court does not read General Statutes § 52-557n(b)(8) as creating immunity for the city or the Registrars of Voters for their work in acquiring the use of suitable private premises for a polling place in the absence of any authority to the contrary. See 29 H.R. Proc., Pt. 16, 1986 Sess., pp. 5910-11 (attached to Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment), suggesting that the intent behind General Statutes § 52-557n(b)(8) a was to provide immunity for health and safety inspectors, fire inspectors, etc., rather than inspection of premises for use by the Town.
— II —
Further, the statute does not make the registrars immune from liability if in fact they were in control of the premises at the time of the accident.
Liability can be predicated upon negligence in the control and possession of premises, as opposed to mere ownership. Mack v.Clinch, 166 Conn. 295, 296 (1974). "It is the possession of land CT Page 7140 that imposes the liability for injuries rather than the ownership of land . . . [because] the person in possession is in a position of control and is best able to prevent harm." Charest v. BurgerKing, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 395749 (March 3, 1993, Aurigemma, J.,8 CSCR 369), quoting D. Wright et al., Connecticut Law of Torts, section 46, at 108 (1991). "The word `control' has no legal or technical meaning distinct from that given in its popular acceptation . . . and refers to the power or authority to manage, superintend, direct or oversee." Panaroni v. Johnson, 158 Conn. 92,96 (1969). Where there is a factual dispute as to who had control of the area where the injury was caused, the issue should be decided by the trier of fact. Overton v. American, Inc.,
Superior Court, judicial district of Middlesex at Middletown, Docket No. 67054 (May 5, 1994, Gaffney, J.).
In the present case, a genuine issue of material fact exists as to control over the relevant area at the polling place or the existence of a contract between the Town and the Temple providing for the inspection and maintenance of the polling place on election day.
— III —
Since there are genuine issues of material fact as to the nature of the Town's interest and degree of control over the premises used as a polling place, and General Statutes §52-557n(b)(8) does not necessarily create immunity in the present factual setting, the Registrar's motion for summary judgement as to counts two and three is denied, as is the motion by the Town as to count four which is acknowledged to be linked to that of the Registrars.
Jerry Wagner Trial Judge Referee