[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONS
On March 7, 1997 the plaintiff Jeanette Meaney filed a two count complaint alleging negligence against the defendants, City of Bridgeport and Downtown Cabaret Theatre. The plaintiff alleges that on February 11, 1996, she tripped and fell on a flagstone walkway located at the entrance to the Dwight D. Eisenhower Center located at Golden Hill Road in Bridgeport, an auditorium leased for the purpose of theatrical performances and functions. The flagstone area in question is located approximately six feet south of the bottom step to the entrance of the building, the flagstone was uneven and the defective condition had existed for a long period of time. She suffered physical and emotional injuries as a result of the fall.
In count one, the plaintiff alleges that the City of Bridgeport, the owner of the premises where the alleged injury occurred, was negligent in failing to maintain the sidewalk in a reasonably safe condition. In count two, the plaintiff alleges that the Downtown Cabaret Theatre Company of Bridgeport, the tenant who leased the premises at 263 Golden Hill Road in Bridgeport, was negligent in failing to maintain the flagstone walkway in a reasonably safe condition. The plaintiff alleges that the negligence of each defendant caused her injuries.
On July 30, 1997, the Downtown Cabaret Theatre Company filed a motion for summary judgment as to count two of the complaint, accompanied by a memorandum of law in support of its motion, an affidavit, and a copy of its lease agreement with the City of Bridgeport. The plaintiff filed a memorandum in opposition to the defendant's motion for summary judgment on October 9, 1997. The plaintiff did not file any additional supporting documentation.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the CT Page 1904 moving party is entitled to judgment as a matter of law. . . . in deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.) Bruttomesso v.Northeastern Conn. Sexual Assault Crisis Services, Inc.,242 Conn. 1, 5, 698 A.2d 795 (1997). "A material fact [is] . . . a fact which will make a difference in the result of the case."United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364,379, 260 A.2d 596 (1969). When a party moves for summary judgment "and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof." Heyman Associates No. 1v. Insurance Co. of Pennsylvania, 231 Conn. 756, 795,653 A.2d 122 (1995).
"Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.) Fogarty v.Rashaw, 193 Conn. 442, 446, 476 A.2d 582 (1984). However, "[t]he issue of whether a defendant owes a duty of care is an appropriate matter for summary judgment because the question is one of law." Pion v. Southern New England Telephone Co.,44 Conn. App. 657, 660, 691 A.2d 1107 (1997).
The defendant argues that it had no duty to maintain the walkway in question. The defendant contends that if the walkway is considered a public sidewalk it is under the custody and control of the City of Bridgeport, and that if it is considered a private walkway, the lease agreement provides that the landlord, City of Bridgeport, is responsible for maintaining the walkway.
In opposition, the plaintiff argues that summary judgment should be denied because genuine issues of material fact exist regarding whether the walkway in question is a public sidewalk or a private walkway, and if it is a private walkway, whether the tenant or the landlord controlled the walkway.
"[T]he duty of the city of Bridgeport to use reasonable care in keeping all of its sidewalks reasonably safe for travel by pedestrians is commensurate with its right of control, and that CT Page 1905 extends to all sidewalks necessary for public convenience." Wadev. Bridgeport, 109 Conn. 100, 103, 145 A. 644 (1929). "General Statutes § 13a-149 provides in part: Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . . The statute includes injuries caused by defective public sidewalks over which a municipality has assumed control." (Internal quotation marks omitted.) Rodriguez v. New Haven,183 Conn. 473, 475 n. 1, 439 A.2d 421 (1981). See also Carbone v. NewBritain, 33 Conn. App. 754, 760 n. 4, 638 A.2d 628 (1994). Municipalities have a duty to keep sidewalks "reasonably safe and convenient for public travel by persons using [them] with reasonable care and caution." Clark v. Torrington, 79 Conn. 42,44, 63 A. 657 (1906). in the present case, an issue of fact exists regarding whether the walkway in question is a public sidewalk or a private walkway. The dispositive issue, however, regarding which defendant had a duty to maintain the walkway in question, will be which defendant had control over the premises.Gore v. People's Savings Bank, 235 Conn. 360, 374, 665 A.2d 1341
(1995) (duty of care lies with the party in possession and control of the premises).
The defendant argues that the walkway in question is under the care, custody, and control of the City of Bridgeport. The defendant alleges that its lease agreement with the City of Bridgeport does not require the defendants to maintain either the exterior of the leased premises or the walkway at issue.
The plaintiff argues that the lease does not resolve the issue of whether the tenant or the landlord had control of the walkway, and that that issue should be resolved by a jury since a determination is based on factors such as the landlord tenant relationship, actual use of the walkway, and evidence of past repairs.
"Under Connecticut law, it is well settled that when a landlord maintains control of any portion of a rented building, the landlord owes the duty to take reasonable care to keep that portion reasonably safe." (Citations omitted; internal quotation marks omitted.) Prodigy Services Co. v. South Broad Associates,64 F.3d 48, 49 (2d Cir. 1995). "[A]s a matter of common law, although landlords owe a duty of reasonable care as to those parts of the property over which they have retained control, landlords generally [do] not have a duty to keep in repair any portion of the premises leased to and in the exclusive possession CT Page 1906 and control of the tenant." (Internal quotation marks omitted.)Gore v. People's Savings Bank, supra, 235 Conn. 374. See alsoPollack v. Gampel, 163 Conn. 462, 468, 313 A.2d 73 (1972); Thomasv. Roper, 162 Conn. 343, 348, 294 A.2d 321 (1972).
"[L]iability [is] . . . predicated upon negligence in the control and possession of premises, as opposed to mere ownership thereof." Mack v. Clinch, 166 Conn. 295, 296, 348 A.2d 669
(1974). See also Velez v. Santillo, Superior Court, judicial district of New Haven at New Haven, Docket No. 326942 (October 24, 1995, Zoarski, J.); Stanley v. Martone, Superior Court, judicial district of New Haven at New Haven, Docket No. 334716 (July 5, 1994, Zoarski, J.) (9 CSCR 792). "The word `control' has no legal or technical meaning distinct from that given in its popular acceptation . . . and refers to the power or authority to manage, superintend, direct or oversee." (Citation omitted.)Panaroni v. Johnson, 158 Conn. 92, 98, 256 A.2d 246 (1969). "Control is a practical issue. . . . Control carries with it the responsibility to correct the condition and ascribes fault when the responsibility is not lived up to." Castelvestro v. Mills,
Superior Court, judicial district of New Haven at New Haven, Docket No. 320396 (February 5, 1997, Corradino, J.) (19 Conn. L. Rptr. 172, 173).
"Unless it is definitely expressed in the lease, the circumstances of the particular case determine whether the lessor has reserved control of the premises or whether they were under the exclusive dominion of the tenant, and it becomes a question of fact and is a matter of intention in the light of all the significant and attendant facts which bear on the issue." (Emphasis added.) Panaroni v. Johnson, supra, 158 Conn. 98. "Responsibility for the proper care over portions of the premises within the leased area may rest with the lessor if, with the acquiescence of the lessee, he retains control, and an agreement between the parties as to the landlord's right to inspect the premises together with his exclusive right to make repairs therein and the tenant's total abstention from making any repairs would be the equivalent of retention of control of the leased premises." Id. See also Smith v. Housing Authority, 144 Conn. 13,16-17, 127 A.2d 45 (1956).
In Garnett v. McDonald's Corp., a Superior Court case, a defendant landlord's motion for summary judgment was denied where, although the lease and franchise agreement provided that the defendant tenant would keep the entire premises in good CT Page 1907 repair, an issue of whether the landlord or the tenant had control and possession of the premises where the plaintiff slipped and fell existed because the landlord retained "control over the policies and procedures of the franchise." Garnett v.McDonald's Corp., Superior Court, judicial district of New Haven at New Haven, Docket No. 330016 (October 15, 1993, Zoarski, J.) (8 CSCR 1159, 1160).
In contrast, in Lazarin v. Shawmut Bank of Conn., the defendant tenant's motion for summary judgment was granted where the lease clearly stated that the landlord retained control over the parking area where the plaintiff slipped and fell. Lazarin v.Shawmut Bank of Conn., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 522875 (July 12, 1994, Hennessey, J.). In that case the lease in question stated, in relevant part, "Tenant shall . . . maintain . . . all buildings. . . . Tenant shall also . . . maintain . . . sidewalks and curbs. . . . Landlord shall . . . maintain . . . parking areas and drive lanes on and/or adjacent to the Leased premises." Id. The court held that since the lease was clear as to who retained control over the parking area, the defendant tenant did not have a duty to maintain the parking area and summary judgment was granted.
In the present case, although the lease provides that the landlord shall be responsible for any exterior repairs, it also states that the lessee shall comply with laws, rules, and regulations, relating to sidewalks.[1]
Because the lease obliges the tenant to comply with laws, rules, and regulations relating to sidewalks, it is not clear whether the landlord has exclusive control over the walkway in question. Case law provides that if the lease does not definitely resolve the issue of control, the court should look to "the circumstances of the particular case [to] determine whether the lessor . . . reserved control of the premises or whether they were under the exclusive dominion of the tenant. . . ." Panaroniv. Johnson, supra, 158 Conn. 98. This determination is a "question of fact and is a matter of intention in the light of a the significant and attendant facts which bear on the issue." Id. In determining control, courts look to such issues as whether the tenant or landlord made repairs to the area in question in the Id., 99
In a case similar to the present case, a defendant tenant's CT Page 1908 motion for summary judgment was denied where the terms of the lease were unclear regarding whether the landlord or tenant had control over the sidewalk directly in front of the entrance to the tenant's store where the plaintiff was injured. Desy v.Dominick, Montano, Superior Court judicial district of Hartford/New Britain at Hartford, Docket No. 516197 (February 15, 1995, Corradino, J.). In that case, the lease stated that the landlord was responsible for making repairs to the exterior of the premises, but the court held that it was not clear from the lease that the exterior of the premises included the sidewalk. Therefore an issue of material fact existed and summary judgment was denied. See also Charest v. Burger King Corporation, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 395749 (March 3, 1993, Aurigemma, J.) (8 CSCR 369) (defendant landlord's motion for summary judgment granted where lease clearly dictated that lessee was to repair premises where plaintiff was injured).
In the present case, the lease does not specifically state whether the tenant or the landlord has exclusive control over the walkway in question, therefore it cannot be determined whether the lessee or the lessor had a duty to maintain the walkway. Since the issue of who had exclusive control over the walkway is not resolved by the lease, an issue of material fact exists, and the defendant Downtown Cabaret Theatre's motion for summary judgment is denied.
Howard F. Zoarski Judge Trial Referee