[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Mehdi Hajdari, has sued the defendant, McDonald's Corporation (McDonald's), claiming that he fell and was injured at the defendant's premises on I-95 in Darien. The defendant denies that it is in possession and control of the subject premises because it entered into a franchise agreement with G.R. Mitchell Company (Mitchell) on February 24, 1995. The plaintiff moved to join Mitchell on the basis that it was "the franchisee operating at the McDonald's store on I-95 in Darien, Connecticut where the plaintiff's accident occurred." This motion was granted.
The defendant McDonald's has filed motion #102 seeking summary judgment. Attached to the motion is an affidavit by an attorney for the moving party which states that because of the franchise agreement with defendant Mitchell, McDonald's does not own, operate, manage or control the business or premises where the alleged injury occurred. The defendant did not attach a copy of the franchise agreement to its moving papers. The plaintiff CT Page 12241 did not file any affidavit or other documents contradicting the moving party's assertions that, as franchisor, it did not operate or control the subject premises.
It is well recognized that premises liability is based on operation and control of the premises in question. Morin v. BellCourt Condominium Associates, Inc. 223 Conn. 323, 327,612 A.2d 1197. It is equally well recognized that a summary judgment may only be granted if there are no genuine issues of material fact. (Citations omitted.) Cummings Lockwood v. Gray,26 Conn. App. 293, 297, 600 A.2d 1040
(1991). Practice Book (1998 Rev.) § 17-49.
The defendant has not demonstrated by way of the actual franchise agreement the absence of any issues of material fact concerning the extent of its control over the subject premises. See Garnett v. McDonald's Corp. , Superior Court, judicial district of New Haven at New Haven, Docket No. CV 92 0330016 (October 15, 1993, Zoarski, J.) (8 CSCR 1159), which refers to "McDonald's Systems," which are practices and policies relating to matters such as cleaning of store premises, as an indication of retained control by the franchisor.
In the absence of the franchise agreement, the relationship between the franchisor and the franchisee is a question of fact to be determined by the trier of fact. Thus, the motion by McDonald's for summary judgment is denied.
So Ordered.
Dated at Stamford, Connecticut, this 29th day of October, 1998.
William B. Lewis, Judge