## Lewis Mack *v.* James Clinch et al.

House, C. J., Cotter, Shapiro, Loiselle and MacDonald, Js.

Argued March 8—decision released April 16, 1974

*Herbert Watstein,* with whom, on the brief, were *Martin F. Stempien* and *Louis J. Mattioli,* for the appellant (defendant Henry Perzanowski).

*John P. McKeon,* for the appellee (plaintiff).

Per Curiam. The plaintiff, Lewis Mack, was injured when he slipped and fell on an icy driveway located between a building owned by the named defendant and one owned by the defendant Henry Perzanowski in New Britain. After a trial to a jury a verdict was rendered in his favor against only the defendant Perzanowski (hereafter the defendant), who has taken this appeal from the judgment rendered thereon.

Although the defendant has filed six assignments of error, we find his attacks on the finding, which is

subject to correction,[1] and his challenge to the court's charge on the issue of "control" of the driveway to be dispositive of this appeal.

The finding, as corrected, discloses that substantial and conflicting evidence was introduced by all of the parties to this action relating to the issue of who had "control" of the driveway where the injury was sustained. Such "control" was, of course, a vital issue in the trial of this case, since liability can be predicated upon negligence in the control and possession of premises, as opposed to mere ownership thereof. See *Panaroni* v. *Johnson,* 158 Conn. 92, 97–100, 256 A.2d 246; *Ziulkowski* v. *Kolodziej,* 119 Conn. 230, 232, 175 A. 780.

The defendant introduced evidence relating to his claim of lack of control and specifically requested a charge on that issue, alerting the court to its presence in the case, but the court denied the request. Subsequent to the court's charge, the jury requested a clarification of the word "control" and the court, quoting *Panaroni* v. *Johnson,* supra, 98, responded with only the following definition: "The word 'control' has no legal or technical meaning distinct from that given in its popular acceptation, and refers to the power or authority to manage, superintend, direct or oversee and maintain." The defendant claims that this response was insufficient.

---

[1] The defendant assigned error in the court's refusal to include in the finding sixteen paragraphs of his draft finding, which he claimed to be admitted or undisputed. We find it necessary to add only those paragraphs setting forth the court's response to the jury's request for a clarification of the word "control" as used by the court in its charge, paragraphs which are clearly not in dispute and are material to the issues involved in this appeal.

Although the defendant took no exception to the charge, his written request to charge on the issue of control nevertheless affords a ground of appeal. Practice Book § 249; *Degnan* v. *Olson,* 136 Conn. 171, 172, 69 A.2d 642. Nor are we limited to the specific question of whether the defendant's request to charge should have been granted. Having been informed of a material and important issue by the request, it was the duty of the court to charge correctly on that subject. *Mei* v. *Alterman Transport Lines, Inc.,* 159 Conn. 307, 311, 268 A.2d 639; *Seeley* v. *Litchfield,* 49 Conn. 134, 138; see *Stavola* v. *Palmer,* 136 Conn. 670, 682, 73 A.2d 831.

The test of a charge is whether it is correct in law, adapted to the issues and sufficient for the guidance of the jury. *Amato* v. *Sawicki,* 159 Conn. 490, 494, 271 A.2d 80; Maltbie, Conn. App. Proc. § 76. "The primary purpose of the charge is to assist the jury in applying the law correctly to the facts which they might find to be established." *Vita* v. *McLaughlin,* 158 Conn. 75, 77, 255 A.2d 848. A charge should be more than a mere statement of legal principles; it should indicate to the jury the application of the law to the facts claimed to have been proved. *Crane* v. *Hartford-Connecticut Trust Co.,* 111 Conn. 313, 315, 149 A. 782; *Schiesel* v. *Poli Realty Co.,* 108 Conn. 115, 124, 142 A. 812. While "[t]he degree to which reference to the evidence may be called for lies largely in the discretion of the court"; *Gorham* v. *Farmington Motor Inn, Inc.,* 159 Conn. 576, 583, 271 A.2d 94; reference to the evidence is required sufficient to guide the jury in their application of the stated law to the evidence before them. *Vita* v. *McLaughlin,* supra. These principles apply with particular force to situations such as that

presented here, where the jury, by its request for clarification, had indicated a degree of confusion concerning the issue of control. See *Silvester* v. *Kerelejza,* 158 Conn. 433, 436–38, 262 A.2d 157; *Bottaro* v. *Schoenborn,* 157 Conn. 194, 197, 251 A.2d 79.

The trial court, in merely quoting a brief portion of the *Panaroni* definition, failed to relate the definition of control to the claims of the parties, making its definitional response insufficient to guide the jury. In the very case quoted from in the trial court's response, this court applied the quoted definition to the claimed facts for several pages. See *Panaroni* v. *Johnson,* 158 Conn. 92, 98–100, 256 A.2d 246. Reading the definition, without any such discussion of the factual claims involved, failed sufficiently to instruct the jury.

There is error, the judgment is set aside and a new trial is ordered.