[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Richard Boland brings this action against the defendants Connecticut Resource Recovery Authority ("CRRA"), Enviro Express, Inc. ("Enviro"), and Southern New England Telephone Company ("SNET"), seeking to recover for injuries allegedly sustained as a result of the defendants' negligence. The plaintiff alleges that he was injured on July 13, 1990, while in the course of his employment as a "scalemaster" for the Town of Trumbull ("Town") at the Town's refuse transfer station. The plaintiff alleges that he was injured while using a public pay telephone located inside the small scalemaster's building. While using the telephone, he came into contact with an ungrounded electrical transformer box located near the telephone and received an electric shock and resulting injuries. The Town subsequently intervened in this action so that it could recover workers' compensation benefits that were paid to the plaintiff.
In Count One of the revised complaint, the plaintiff alleges that CRRA was in control of the scalemaster's building on the date that he sustained his injuries, and asserts a negligence claim against CRRA based on its alleged failure to repair, maintain and discover the dangerous condition created by the transformer box. In Counts Two and Three the plaintiff alleges negligence on the part of Enviro and SNET.
CRRA has filed a motion for summary judgment on Count One of the plaintiff's revised complaint and on the Town's intervening complaint, contending that the facts show that CRRA was not in control or possession of the scalemaster's building at the time that the plaintiff allegedly sustained his injuries. In support of its motion, CRRA submits the affidavit of its CT Page 10009 facility supervisor, Carlo Berardinelli, and excerpts of Berardinelli's deposition testimony. (Although CRRA also relied on certain admissions made by the Town in its response to CRRA's request for admissions, the Town was recently given permission to withdraw those admissions and they are not relied on in this decision.) The plaintiff has filed an affidavit and a memorandum of law in opposition to CRRA's motion.
Practice Book 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Lees v. Middlesex Insurance Co., 219 Conn. 644,650, 594 A.2d 952 (1991). A material fact is one that will make a difference in the outcome of the case. Yanow v. Teal Industries, Inc., 178 Conn. 262, 268-69, 422 A.2d 311 (1979). Because the burden of proof is on the moving party, the facts presented must be viewed in the light most favorable to the party opposing the motion. Mingachos v. CBS, Inc., 196 Conn. 91,111, 491 A.2d 368 (1985). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact, a party opposing [the motion] must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Connecticut Bank 
Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 781,595 A.2d 334 (1991).
A. Count One of Plaintiff's Complaint
"Control" refers to "the power or authority to manage, superintend, direct or oversee." Panaroni v. Johnson, 158 Conn. 92,98, 256 A.2d 246 (1969). Liability is predicated "upon negligence in the control and possession of premises, as opposed to mere ownership thereof." Mack v. Clinch, 166 Conn. 295, 296,348 A.2d 669 (1974).
In support of its motion for summary judgment, CRRA filed an affidavit from Carlo Berardinelli, CRRA's facility supervisor. The affidavit attests to the following facts: (1) that he has supervisory responsibility for CRRA's Trumbull Transfer Station (para. 4); (2) that at the time of plaintiff's accident, the Town and not CRRA was in possession and control of the scalemaster's building (para. 6); (3) that CRRA did not have a key to the scalemaster's building (para. 7); (4) that CT Page 10010 CRRA did not have access to the scale master's building when it was locked (para. 9); and (5) that the scalemaster's building is operated by Town employees (para. 8).
In opposition to summary judgment the plaintiff Richard Boland submitted his affidavit, which attests to the following facts: (1) that CRRA sent inspectors to the Town's transfer station on a monthly basis "to inspect the premises" (para. 3); (2) that CRRA employees "inspected and repaired the scale apparatus that ran the scalehouse"; (3) that the inspections included "the scalehouse where I worked. . ." (para. 5); (4) that various garbage carriers presented the plaintiff" with [CRRA] tickets allowing them to use the station" (para. 7); (5) that CRRA received income from the operation of the scalehouse (para. 8); and (6) that "Based on the foregoing, CRRA was in control of not only the operation but the physical grounds of the scalehouse."
The right to inspect premises is evidence to be considered on the issue of possession and control of those premises. Panaroni v. Johnson, supra at 98, 99. The plaintiff's affidavit contends that CRRA inspected not just the scale on the outside of the scalehouse building, but also the scalehouse building itself where the ungrounded transformer box was located. This factual contention is not disputed by the affidavit of Carlo Berardinelli filed by CRRA, but is disputed in the transcript pages from Berardinelli's deposition, which were submitted by CRRA. The proof submitted by the parties therefore demonstrates that there is a genuine issue as to a material fact, namely whether CRRA inspected the scalehouse building as well as the scale on its monthly inspections. CRRA's motion for summary judgment on Count One of the complaint is accordingly denied.
B. Intervening Complaint
On August 23, 1993, subsequent to CRRA's filing of its motion for summary judgment, the Town filed an amended, revised intervening complaint, which, in Count One, seeks to recover from CRRA for workers' compensation benefits paid by the Town to the plaintiff. CRRA seeks summary judgment as to the Town's claim on the ground that the Town did not file any objection to CRRA's motion for summary judgment, which is clearly directed to the Town, nor did the Town file any memorandum in opposition to summary judgment. CT Page 10011
Although the Town's inexplicable failure to oppose CRRA's motion for summary judgment is troubling to the court, summary judgment is nonetheless unwarranted. CRRA's factual claims are disputed by the plaintiff, the Town's employee, and summary judgment against the Town is denied.
CHRISTINE S. VERTEFEUILLE, JUDGE