[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT SHAWMUT BANK CONNECTICUT'SMOTION FOR SUMMARY JUDGMENT (No. 130)
A. FACTS:
The plaintiff, Sharon Kelly, alleges that she was injured on April 8, 1993, when she tripped over "root and plant growth accumulations" on a pathway located at 2523 Albany Avenue, West Hartford, Connecticut, outside of Shawmut Bank, (herein the pathway). The plaintiff has filed this action against several defendants, namely: Bishop's Corner Associates Limited Partnership (herein Bishop's Corner); Konover Management Corporation (herein Konover); and Shawmut Bank Connecticut CT Page 4405-D (herein Shawmut). The complaint states the defendants negligently maintained the pathway in a "dangerous and defective" condition. Lastly, the plaintiff alleges that Shawmut was in a position of possession and control over the pathway leading to and from the bank and it was aware, or should have been aware, of the dangerous condition on the pathway used by Shawmut customers.
Shawmut has filed the instant motion for summary judgment No. 130 on the third count of the plaintiff's complaint with supporting memorandum. The plaintiff has filed its own objections and corresponding memorandum.
B. DISCUSSION:
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."Miller v. United Technologies Corp., 233 Conn. 732, 745,660 A.2d 810 (1995). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.). Catz v.Rubenstein, 201 Conn. 39, 48, 513 A.2d 98 (1986). "The party moving for summary judgment has the burden of showing the absence of any genuine issues as to all the material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Suarez v. Dickmont PlasticsCorp., 229 Conn. 99, 105, 639 A.2d 507 (1994); Miller v. UnitedTechnologies Corp., supra 233 Conn. 744.
Shawmut alleges in its motion for summary judgment that since it was merely a tenant, it "does not own, operate, manage, maintain and was not in possession or control of any common areas, walkways, parking lots, etc." the property in this case. Shawmut further alleges that all maintenance on the pathway and grounds were the obligation of Konover, and/or Bishop's Corner, pursuant to paragraph 13 of the lease between the defendants.
The general rule regarding ones liability for negligent possession and control of property was stated in Mack v.Clinch, 166 Conn. 295, 296, 348 A.2d 669 (1974): CT Page 4405-E
 Such `control' was, of course, a vital issue of this case, since liability can be predicated upon negligence in the control and possession of premises, as opposed to mere ownership thereof.
The plaintiff alleges that the lease agreement between Shawmut and Bishop's Corner and Konover, (the Landlord) provides Shawmut with the right to use the pathway and grounds, and Shawmut has the right to cure any default of the Landlord, i.e. failure to maintain the property[1]. The plaintiff further alleges, as a long-term tenant, Shawmut has possession over its leased premises and the pathway used by its customers, and to the extent it chooses to cure any default of the Landlord, it has control.
The moving party, bears the burden of showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. It is determined, a question of material fact exists as to whether Shawmut's was in possession and control over the pathway, whether Shawmut's right to cure the "dangerous and defective" condition imposed a duty upon Shawmut to make the repair where the Landlord had failed to make the necessary repair, or to notify Bishop's Corner and Konover that repairs were necessary, in light of the location of the defect on the pathway used to access Shawmut's banking facilities.
C. CONCLUSION:
For the reasons herein stated, it is concluded that the defendant's motion for summary judgment, ought to be and is hereby denied.
It is so ordered,
SALVATORE F. ARENA, J.