[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff instituted the present action to recover monetary damages for personal injuries she sustained when she was thrown into the swimming pool by the defendant, Frank Spano while both were social guests on property owned by the defendants, William and Anna Garrity.
In the fourth count of the revised complaint, the plaintiff purports to set forth a cause of action against Pfizer, Inc. ("Pfizer") alleging that she was on the property at the invitation of the defendants, Garrity and Pfizer, and that Pfizer Inc. sponsored and paid for the social gathering.
The plaintiff alleges, in the fourth count, that Pfizer was negligent in failing to supervise; in failing to prevent the defendant Spano from pushing the plaintiff into the pool; and in failing to exercise reasonable care; in failing to control the conduct of the defendant Spano and in failing to prevent Spano from injuring the plaintiff when he knew should have known that the defendant was engaging in dangerous conduct.
Pfizer has now filed a motion for summary judgment as to the fourth count asserting that it did not have possession and control of the premises sufficient to give rise to a duty of care owed to the plaintiff. In support of the motion for summary judgment, the defendant has submitted an affidavit of a sales representative of Pfizer stating that he attended a party at the Garrity home; that the party was held by the Fairfield County Medical Group as a social event for the doctors and employees of that medical practice; that he did not request that the party be held at the Garrity home; that Pfizer paid for and provided some food and beverages for the party but he did not serve any food or beverages and did not take charge of the party. The affidavit further states that he did not have authority to admit persons to the party or exclude persons from the party and did not have the authority to ask any guests to leave or to stop using the CT Page 3944 swimming pool. The affidavit further states that he did not have the authority to direct or oversee, manage or otherwise superintend the activities of the guests of the party.
The plaintiff's filed an affidavit in opposition to the motion to summary judgment stating that the party was sponsored by the defendant, Pfizer who supplied the food, beverages and other necessities and that she was aware that Pfizer was sponsoring the party for Fairfield County Medical Group. The affidavit further states that the representative of Pfizer was responsible for organizing the sponsorship of the party and that he was a representative of the company at the party. The plaintiff further states that the defendant's representative was responsible for drawing up invitations, renting tables, buying food and beverages and for the general organization of the party and that Pfizer was conducting business at the party. The affidavit further states that a Pfizer representative was responsible for organizing all sponsored activities for the Fairfield County Medical Group on a continuing basis including luncheons, provision of needed office supplies and gifts upon staffs and doctors. The defendant attempted to raise the same issue as raised in the motion for summary judgment on a motion to strike which was denied by the court, Maiocco, J. In denying the motion the court stated:
 "(L)iability can be predicated upon negligence in the control and possession of premises, as opposed to mere ownership thereof. Mack v. Clinch, 166 Conn. 295, 296, 348 A.2d 669 (1974). It is the possession of land that imposes the liability for injuries rather than the ownership of land . . . (because) the person in possession is in a position of control and is best able to prevent harm. Charest v. Burger King, Superior Court judicial district of Hartford/New Britain at Hartford, Docket No. 395749 (March 3, 1993) (Auriegemma, J.) 8 CONN. L. RPTR. 756, 8 CSCR 369, quoting D. Wright, J. Fitzgerald and W. Ankerman, Connecticut Law of Torts, Section 46, at 108 (1991). The word "control" has no legal or technical meaning distinct from that given in its popular acception . . . and refers to the power or authority to manage, superintend, direct or oversee. Panaroni v. Johnson, 158 Conn. 92, 98, 256 A.2d 246 (1969)."
(Internal quotation marks omitted).
In his decision Judge Maiocco also stated: "to recover on a theory of negligence, the plaintiff must establish that the CT Page 3945 defendant owed a duty to them and that he breached that duty.Shore v. Stonington, 187 Conn. 147, 151, 444 A.2d 1379 (1982).Leavinworth v. Mathes., 38 Conn. App. 476, 479 (661) A.2d 632 (1995). The existence of a duty is a question of law. . . .Petrillo v. Callman, 215 Conn. 377, 382, 576 A.2d 474 (1990)." (Internal quotation marks omitted).
In the present case there is nothing contained in the affidavit filed on behalf of the plaintiff to indicate that the defendant, Pfizer exercised possession of the property or control over the social gathering. Even if it could be said that Pfizer was in a position to influence what was done at the party, such influence if it existed, does not rise the level of the right of possession or the right to control. Sponsorship of an event, without the right to possession and/or control, does not subject the sponsor to liability for action of third parties. Gragg v.Witchita State University, 261 Kan. 1037, 934 P.2d 121, 132
(1995); Archer v. Outboard Marine Corp., 908 S.W.2d 701, 703
(Mo.App. 1995); Vogel v. West Mountain Corp., 97 App.Div. 2d 46, 470 N.Y.S.2d 475 (1983); Gehling v. St. Georgia's UniversitySchool of Medicine, 705 F. Sup. 761, 766 (E.D.NY 1989). The Court also notes, that in the case, of Merhi v. Becker,164 Conn. 516 (1973), the defendant "rented" the picnic grounds upon which the plaintiff was injured and accordingly the defendant would have possession and/or control of the area involved.
Accordingly the Motion for Summary Judgment as to the fourth count hereby is granted.
RUSH, J.