[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 4205
The issue herein is whether the third party defendant's, St. Joseph Lithuanian Church ("St. Joseph"), motion for summary judgment should be granted as to the third party plaintiff's, City of Waterbury, amended third-party compliant.
On September 26, 1994, the plaintiff, Raymond Giannamore, filed a one count compliant sounding in negligence against the City of Waterbury. On November 27, 1996, the City of Waterbury filed a one count third party compliant against St. Joseph. The City of Waterbury filed an amended third party compliant dated March 12, 1997 ("third party compliant") against St. Joseph for indemnification from a third party causing an obstruction in a sidewalk pursuant to Waterbury City Charter Section 3122.
The third party compliant alleges the following facts: On September 27, 1994, Raymond Giannamore filed a compliant against the City of Waterbury for personal injuries he sustained when he allegedly was caused to fall because of a defect in the sidewalk adjacent to John Street, within the City of Waterbury.
This alleged defect was claimed to be a rectangular shaped metal box which was constructed into the sidewalk. This box provides access to a lateral sewer line under the sidewalk adjacent to John Street. The lateral sewer line connects the sewage facilities of 23 John Street, the location of St. Joseph, to the main sewer line running under John Street. Said lateral sewer line is alleged to be owned by St. Joseph pursuant to Waterbury City Charter Section 3142 and the Waterbury Code of Ordinances §§ 51.01 and 51.40. St. Joseph filed an answer to the amended third party compliant dated April 11, 1997.
St. Joseph filed a motion for summary judgment as to the third party compliant dated January 7, 1998, a supporting affidavit, and an accompanying memorandum of law. The City of Waterbury filed a memorandum of law in opposition to St. Joseph's motion for summary judgment dated February 25, 1998. St. Joseph filed a reply memorandum of law in support of their motion for summary judgment dated March 5, 1998.
The standard for the granting of a motion for summary judgment is well established: "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material CT Page 4206 fact and that the moving party is entitled to judgment as a matter of law. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Brackets in original; internal quotation marks omitted.) Bruttomesso v. Northeastern Conn.Sexual Assault Crisis Services, Inc., 242 Conn. 1, 5,698 A.2d 795 (1997).
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) Beers v. Bayliner Marine Corp. ,236 Conn. 769, 771 n. 4, 675 A.2d 829 (1996). "[A] directed verdict may be rendered only where, on the evidence viewed in the lightmost favorable to the non movant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Internal quotation marks omitted.) Millerv. United Technologies Corp. , 233 Conn. 732, 752, 660 A.2d 810
(1995).
Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner. Fogarty v. Rashaw, 193 Conn. 442, 446,476 A.2d 582 (1984).
St. Joseph moves for summary judgment on the ground that there is not any genuine issue of material fact as to St. Joseph's non-liability under the allegations of the Third-Party compliant brought by the City of Waterbury. St. Joseph argues that the City of Waterbury has improperly relied on Waterbury City Charter § 3142 and Waterbury Code of Ordinances §§ 51.01 and 51.40[1] to support its position that St. Joseph owned the sewer vent and was responsible for its maintenance. St. Joseph further argues that § 3142 only provides that the City of Waterbury is authorized to make sewer connections to private sewer lines and establish a lien against the private property if CT Page 4207 the private costs are not paid. St. Joseph argues that §§ 51.01 and 51.40 of the Waterbury Code of Ordinances also do not establish it as the owner of the subject defect.
Furthermore, St. Joseph argues that the sewer vent at issue is owned by the City of Waterbury because the vent is a fixture whose ownership is determined in terms of the realty to which it is attached. Said realty being a public sidewalk owned by the City of Waterbury. Id.
Lastly, St. Joseph argues that at no time did it ever exercise possession or control over the property where the plaintiff's injuries allegedly occurred. Moreover, St. Joseph argues that it never had an oral or written agreement with the City of Waterbury to maintain the sewer vent at issue. Therefore, St. Joseph argues that it cannot be held liable for injuries occurring on said property because it never exercised possession or control over the sewer vent or adjacent sidewalk at issue.
The City of Waterbury argues that "a genuine issue of material fact exists as to whether the Church owned, controlled or maintained the sewer box at issue in this case." The City of Waterbury argues that the sewer box at issue services the lateral sewer line running from St. Joseph to the main sewer line.
The Connecticut Supreme and Appellate Courts have not yet addressed the issue as to whether the issue of control or ownership of a defective sewer box imposes liability upon the relevant municipality or instead upon the property owner connected to the public sewer. However, the Supreme and Superior Courts have addressed the issue of defective premises cases generally. "Liability for injury caused by defective premises does not depend on title, but, rather, on the question of who was in possession and control. Farlow v. AndrewsCorporation, 154 Conn. 220, 225, 224 A.2d 546 (1966). . . . [I]t is control which is the test which generally measures the responsibility of the owner or occupant of real property for defects relating to it. . . . When there is a factual dispute as to who had control of the area where the injury was caused . . . the issue should be decided by the trier of fact.Wright v. Coe Anderson, Inc., 156 Conn. 145, 151, 239 A.2d 493 (1968)."Overton v. Fenner America. Inc., Superior Court, judicial district of Middlesex at Middletown, Docket No. 67054 (May 5, CT Page 4208 1994, Gaffney, J.).
The Supreme Court has held that causes of action concerning defective premises are to be determined in regards to which party had control[2] over the premises and that liability is not to be determined solely in terms of ownership. "Where there is a factual dispute as to who had control of the area where the injury was caused, the issue should be decided by the trier of fact." Ramenda v. Congregation Beth Israel, supra, Superior Court, Docket No. 536069. "Defendants argue extensively that there is no evidence that the Town leased or owned the premises within the language of the statute but that is a question of material fact." Id. "It is the possession of land that imposes the liability for injuries rather than the ownership of land . . . [because] the person in possession is in a position of control and is best able to prevent harm." (Internal quotation marks omitted.) Id. See generally Panaroni v. Johnson,158 Conn. 92, 98, 256 A.2d 246 (1969).
Moreover, the Superior Courts have held that the issue of control is an issue of fact that is not appropriate to be determined on a summary judgment motion.
"The general rule regarding ones liability for negligent possession and control of property was stated in Mack v. Clinch,166 Conn. 295, 296, 348 A.2d 669 (1974): `Such `control' was, of course, a vital issue . . . since liability can be predicated upon negligence in the control and possession of premises, as opposed to mere ownership thereof.'" Kelly v. Bishop's Cor.Assn. Ltd., Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 466860 (June 11, 1996, Arena, J.). "It is determined, a question of material fact exists as to whether [the defendant] was in possession and control over the pathway . . . it is concluded that the defendant's motion for summary judgment . . . is hereby denied." Id. Similarly, the plaintiff's compliant raises the issue of control in terms of which party had control over the allegedly defective sewer box. The issue of control is an issue of fact.
Therefore, the third party defendant's motion for summary judgment is denied on the ground that there exists a genuine issue of material fact concerning the issue of control over the allegedly defective sewer box.
KULAWIZ, J. CT Page 4209