[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 121)
The plaintiff, Ruth Epstein, field a four-count revised complaint against the defendants, 3180 Main Street, LLC (3180), Beechmont Professional Center, Inc. (BPCI), the Kimball Group, Inc. (KGI), and Irajd Nejad (Nejad). On or about January 11, 1996, the plaintiff was an invitee on the premises located at 3180 Main Street (the premises) when she slipped and fell due to ice on a sidewalk, causing her to be injured. The plaintiff alleges that BPCI, KGI and Nejad were in control of the premises.
Nejad filed a motion for summary judgment on the ground that no genuine issues of material fact exist and that he is entitled to judgment as a matter of law. Nejad argues that he did not retain control over and was not responsible for maintaining the portion of the premises where the plaintiff allegedly fell. Nejad avers in a supporting affidavit that he leased office space at the premises, and that at no time during his tenancy was he responsible for the upkeep of the outside premises, including the removal of snow and ice. (Motion For Summary Judgment, Affidavit of Irajd Nejad ¶¶ 4-5). Nejad has also submitted a copy of the lease entered into on December 17, 1991 between Summit Associates and Nejad and Christina Hanley. 3180 and KGI (hereinafter the defendants) object to the motion for summary judgment on the ground that there are several genuine issues of material fact based upon the language contained in the lease.
"Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted.) Rivera v.Double A Transportation, Inc., 248 Conn. 21, 24, ___ A.2d ___ (1999).
Nejad argues that pursuant to § 8.01 of the lease the landlord had the exclusive responsibility of directing and overseeing ice and snow removal on the sidewalks and parking CT Page 4290 lots.[1] The defendants argue that a genuine issue of material fact exists as to whether ice and snow accumulation on a sidewalk constitutes a condition over which the landlord was responsible under the lease. The defendants also argue that under section 11.01[2] of the lease, Nejad agreed to hold harmless and indemnify the landlord from any and all claims arising from the conduct or management of the premises or arising from any negligence or otherwise wrongful act or omission of the tenant. The defendants contend that the area where the plaintiff allegedly fell is a part of the premises to which the tenant had certain duties under the lease.
"[L]iability can be predicated upon negligence in the control and possession of premises, as opposed to the mere ownership thereof." Mack v. Clinch, 166 Conn. 295, 296, 348 A.2d 669
(1974). "It is the possession of land that imposes the liability for injuries, rather [than] the ownership of land . . . because the person in possession is in a position of control and is best able to prevent harm." Charest v. Burger King Corp. , Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 395749, (March 3, 1993, Aurigemma, J.). "Whether control of the premises has been retained by the lessor is determined by examining the terms of the lease." Id.
"A lease is a contract . . . and its construction presents a question of law for the court." (Citations omitted.) Robinson v.Weitz, 171 Conn. 545, 551, 370 A.2d 1066 (1976). "Unless it is definitely expressed in the lease, the circumstances of the particular case determine whether the lessor has reserved control of the premises or whether they were under the exclusive control of the tenant, and it becomes a question of fact and is a matter of intention in the light of all the significant and attendant facts which bear on the issue." Panaroni v. Johnson,158 Conn. 92, 98, 256 A.2d 246 (1969). "In determining the meaning and effect of the controverted language in the lease, the inquiry must focus on the intention expressed in the lease and not on what intention existed in the minds of the parties." (Internal quotation marks omitted.) Gateway Co. v. DiNoia, 232 Conn. 223,231, 654 A.2d 342 (1995). "The conduct, acts and words of the parties, in cases where the written lease is unclear or doubtful, constitute evidence of the intention of the parties that the lease should be construed in accordance with their own practical construction." Panaroni v. Johnson, supra, 158 Conn. 99.
The lease provides that Nejad agrees to lease Suite 1-C, CT Page 4291 together with all available means of ingress and egress to and from the premises and parking spaces. (Lease § 1.01). On the other hand, Nejad agrees to pay landlord costs and charges associated with snow removal, snow plowing and sanding. (Lease § 3.03(d)). In exchange, the landlord covenants to keep or cause to be kept in good order, repair and condition the sidewalks and driveways on the premises. (Lease § 8.01). The landlord may seek indemnification from Nejad for any and all claims arising from conduct of the management of the premises or for any condition created in the premises other than those conditions which it is the landlord's obligation to correct. (Lease § 11.01(a)(i)).
When reading the lease as a whole to construe the intent of the parties, a genuine issue of material fact is evident concerning whether the landlord's duty to keep the sidewalks in good order, repair and condition includes keeping the sidewalks free from snow and ice. It is unclear, however, whether the duty to remove snow and ice from sidewalks devolves to Nejad. Nejad owes a duty under the lease to pay for the removal of snow and ice. Yet he is also, in effect, leasing the sidewalk. Therefore, the intent of the parties is unclear as to whether Nejad's duty to pay for costs associated with snow and ice removal or his status as a lessor of the sidewalk also entails a duty to ensure that the sidewalks are kept clear of snow and ice.
Accordingly, because it is not possible to determine the intent of the parties from the language of the lease, a genuine issue of material facts exists which precludes the court from granting Nejad's motion for summary judgment.
Therefore, defendant Irajd Nejad's Motion for Summary Judgment is denied.
SKOLNICK, J.