[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (RE: MOTION FOR SUMMARY JUDGMENT)
The defendant Hartford Roman Catholic Diocesan Corporation has moved for summary judgment on the grounds that it did not have possession and control of the auditorium at St. Bridget's school when the plaintiff's injury occurred. An affidavit of the Archdishop of the Archdiocese of Hartford states that St. Bridget's Church, a Connecticut corporation was responsible for the possession, operation, control and upkeep of its own premises, including the auditorium located in St. Bridget's school.
The affidavit is, however, framed in generally conclusive language. It denies the archdiocese was in possession and control and states that St. Bridget's of Manchester was.
The plaintiff filed a memorandum of law in opposition to the motion correctly arguing that possession and control of premises can lead to liability for negligence. Mack v. Clinch,166 Conn. 295, 296 (1974). While plaintiff did not file an affidavit in opposition, that is not necessarily fatal. She did provide supporting documentation by way of deposition of the Reverend Monsignor Charles W. Daly to show that St. Bridget's Church is in the Hartford R.C. archdiocese, that the archdiocese unilaterally determines the type of liability insurance which covers St. Bridget's; that the premises are inspected annually by a representative of the insurance company hired by the archdiocese. (Which would include, presumably, the auditorium where the accident occurred).
"Control" has its ordinary meaning which generally means the authority to manage, superintend, direct or oversee. Panaroni v.Johnson, 158 Conn. 92, 98 (1969).
This Court is not prepared to say, as a matter of law, that there is no genuine issue of fact on this point. Nor is the Court prepared to say that evidence of insurance would not be admissible as evidence of possession or control. While evidence of liability insurance is generally inadmissible, it may be CT Page 6732 admissible on this issue. Tate v. LaPlante, Connecticut Evidence § 8.14.
In short, the Court is not satisfied that there is no issue of fact as to the matter of possession and control and denies the Motion for Summary Judgment.
Klaczak, J.