[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING RE MOTION FOR SUMMARY JUDGMENT
In this action the plaintiff seeks damages from the defendant New Milford Realty Corporation ("NMRC") among others. She alleges that this defendant controlled and maintained premises at 5 Kent Road in New Milford and that her injuries suffered on those premises were a result of this defendant's failure to maintain the premises. The defendant NMRC moves for summary judgment on the grounds that it did not have control of the premises where the plaintiff was injured.
The defendant filed a memorandum of law, including undisputed facts, and an affidavit with supporting exhibits. The plaintiff filed an objection and a memorandum in opposition but no opposing affidavits. At the time the motion was scheduled for argument, the defendant appeared and reported that the plaintiff did not intend to appear for argument. Accordingly, the court decides this motion on the memoranda and affidavit filed.
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. P. 3. § 17-49; Suarezv. Dickmont Plastics Corp. , 229 Conn. 99, 105 (1994); Telesco v.CT Page 12166Telesco, 187 Conn. 715, 718 (1982); Yanow v. Teal Industries,Inc., 178 Conn. 262, 268 (1979). A "material" fact is one which will make a difference in the outcome of the case. Hammer v.Lumberman's Mutual Casualty Co., 214 Conn. 573, 578 (1990). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist. Michaud v. Gurney, 168 Conn. 431. 432 (1975).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Dowling v. Kielak, 160 Conn. 14, 16 (1970); Dorazio v.M.B. Foster Electronic Co., 157 Conn. 226, 228 (1968). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party."Connecticut Bank Trust Co. v. Carriage Lane Associates,219 Conn. 772, 780-781 (1980).
The plaintiff alleges in her amended complaint that the defendant NMRC "owned, controlled, possessed, managed and/or maintained" the premises. (Amended complaint dated April 13, 1998, fourth count ¶ 2). The defendant NMRC denied these allegations. (Answer dated November 23, 1998). The sole count against this defendant sounds in negligence.
Because the plaintiffs claim against this defendant sounds in negligence, the defendant NMRC must owe a legal duty to the plaintiff for her to recover. Neal v. Shiels, 166 Conn. 3, 12
(1974). The plaintiff must show more than mere ownership of the premises. "[L]iability can be predicated upon negligence in the control and possession of the premises, as opposed to mere ownership thereof." Mack v. Clinch, 166 Conn. 295, 296 (1974). Possession or control of the premises is thus the basis for premises liability.
The defendant NMRC argues that the undisputed facts and applicable law show that it has no liability to the plaintiff because it did not have control over the premises. Based upon the pleadings, affidavits and other documentary evidence, the pertinent facts that are not in dispute are as follows. On October 9, 1996, the plaintiff was working on the premises installing metal hooks on a pegboard when she sustained an injury from electric shock. The plaintiff was employed by Merkert Enterprises, which was hired to assist the defendant Big Y in renovating and converting the premises into a supermarket. At CT Page 12167 that time, the defendant NMRC was the owner of the premises and had succeeded DF Associates as landlord under a lease with First National which had assigned the lease to the defendant Big Y. At the time of the injury, the defendant NMRC was the landlord of the premises and the defendant Big Y was the tenant.
As noted by Judge Corradino in Nicholas v. Stop Shop, Superior Court, judicial district at Milford, Docket No. 058784 (December 3, 1998, Corradino, J.), generally speaking the issue or control or possession is determined by the lease:
 What this means is that in a premises liability case where a trial court is presented with a landlord's motion for summary judgment based on a claim that it did not have possession or control of the premises, the trial court must first look to the terms of any lease agreement. If the language of the lease definitely establishes that the landlord did not reserve control of that portion of the premises which is claimed to have been defective and caused injury, then the defendant landlord is entitled to prevail on the motion. If the language is not clear on this question, then a question of fact is presented which should be decided by the jury.
Id.
The lease to which the defendant's principal attested to in the affidavit contains the following provision:
 9.1 Landlord shall have no obligation to make repairs except as otherwise specifically set forth herein.
 9.2 Except for repairs Landlord is specifically obligated to make or cause to be made hereunder, Tenant shall make all repairs to the Demised Premises necessary to keep the Demised Premises in good order and repair and in a safe, dry and tenantable condition. The decision of whether to repair, replace or restore in any instance shall be made by Tenant in its reasonable discretion. Without limiting the generality of the foregoing, Tenant shall be specifically required to make repairs (a) to that portion of any pipes, lines, ducts, wires, or conduits that service Tenant and are contained within the Demised Premises. Tenant shall keep the Demised Premises in a clean and sanitary condition. Anything to the contrary herein contained notwithstanding, CT Page 12168 Landlord shall make at its sole expense any repairs to the Demised Premises is the same are necessitated by the negligence or willful act of Landlord or Landlord's Agents.
As noted previously, the plaintiff filed no counter affidavit opposing this motion, nor any documentary evidence. Her memorandum of law in opposition simply concludes that the defendant NMRC would be liable depending on its actions regarding the property. "The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." Pion v. Southern New England Telephone,44 Conn. App. 657, 663 (1997). The lease places possession and control of the premises in the tenant and not the defendant NMRC. The plaintiff has not raised any genuine issue of fact through affidavit or other evidence that the defendant NMRC by its actions retained possession or control notwithstanding the language of the lease.
 Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment.]
Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552, 554-55
(1998).
Because the court determines that there are no genuine issues of fact as to the defendant NMRC's possession or control of the premises, the motion for summary judgment is granted.
DiPentima, J.