[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Kathleen Searles, alleges the following in her revised complaint. The plaintiff was injured when she slipped and fell on snow and ice in the parking lot serving 320-326 Boston Post Road. She brought an action in negligence against Aramis Associates, Inc. (Aramis) and Gary Lee Thompson and Jean Thompson d/b/a Consignment Originals (the defendants) as owners of the properties located, respectively, at 326 and 320 Boston Post Road. The plaintiff alleges that the defendants shared with Aramis the possession and control of the parking lot in which the plaintiff was injured.
The plaintiff withdrew her claim as to Aramis. The defendants filed a motion for summary judgment on July 9, 1999 on the ground of absence of genuine issues of material fact. The defendants claim that they did not own, possess or control the parking lot and therefore owed no duty of care to the plaintiff.
As required by Practice Book § 10-42, the defendants have filed a memorandum with exhibits attached (including a survey map and an affidavit by Gary Lee Thompson) in support of their motion for summary judgment. The plaintiff has timely filed a memorandum in opposition with exhibits attached (an easement agreement and an affidavit by the plaintiff).
Summary judgment may be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book, § 17-49; seeConnell v. Colwell, 214 Conn. 242, 246, 571 A.2d 116 (1990). "In ruling on a motion for summary judgment, the court's function is CT Page 13770 not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski,206 Conn. 495, 500, 538 A.2d 1031 (1988). "The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) Serrano v. Burns,248 Conn. 419, __ A.2d __ (1999). In Connecticut, a "directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Emphasis omitted; internal quotation marks omitted.) Miller v. United Technologies Corp. , 233 Conn. 732,752, 660 A.2d 810 (1995).
"Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.) Fogarty v.Rashaw, 193 Conn. 442, 446, 476 A.2d 582 (1984). However, the "issue of whether a defendant owes a duty of care is an appropriate matter for summary judgment because the question is one of law." Pion v. Southern New England Telephone Co.,44 Conn. App. 657, 660, 691 A.2d 1107 (1997).
The defendants claim that Aramis, not they, owned the parking lot in question. They argue that because they did not own the lot, they did not possess, maintain or control the lot, and therefore owed no duty of care to the plaintiff.
Possession and control of the lot, not ownership or title, determine liability. In Connecticut liability in snow and ice accumulation cases is based on possession and control of the premises rather than title. See Mack v. Clinch, 166 Conn. 295,296, 348 A.2d 669 (1974); Farlow v. Andrews Corp. , 154 Conn. 220,225, 224 A.2d 546 (1966). "The word `control' has no legal or technical meaning distinct from that given in its popular acceptation . . . and refers to the power or authority to manage, superintend, direct or oversee." (Citation omitted.) Panaroni v.Johnson, 158 Conn. 92, 98, 256 A.2d 246 (1969).
The case cited by the defendants, Wright v. Adlav, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 554723 (July 31, 1997, Wagner, J.), does not support their argument. In Wright, the court granted summary judgment to the defendant lessor on the ground that the lease provisions clearly and expressly allocated snow and ice removal to the lessee. See id. In the case at bar, however, there is no CT Page 13771 provision for snow and ice removal in any document submitted, so a genuine issue of material fact exists as to the parties' respective responsibilities over snow and ice removal.
The defendants submit a survey map of the properties at 320-326 Boston Post Road to show that they did not own the parking lot. However, they do not respond to the plaintiff's claim in her affidavit that the defendants directed their employees and public invitees to use the parking lot because it was the only parking lot adjoining the properties. Nor do they respond to the plaintiff's averment that employees, patrons and public invitees of businesses at 320 Boston Post Road regularly used the lot for business purposes. In addition, the defendants fail to respond to the plaintiff's claim that they shared an easement with Aramis over the use of the parking lot. The copy of the easement agreement, submitted by the plaintiff, was entered into by predecessors in interest, but is expressly binding on all successors in interest. The agreement is silent on the issues of maintenance and removal of snow and ice between the contracting parties.
Because the plaintiff has provided evidence demonstrating that a genuine issue of material fact exists as to the defendants' actual use, possession or control of the parking lot, The defendants' motion for summary judgment is DENIED.
Howard F. Zoarski Judge Trial Referee