[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION — MOTION FOR SUMMARY JUDGMENT
FACTS AND PROCEDURAL HISTORY
The plaintiff, Christopher Rubbo, instituted this action against the defendants, Knollwood, LLC ("Knollwood") and John and Deborah Cavallo d/b/a Hollywood Home Video ("Cavallos") to recover damages for injuries allegedly sustained as the result of a fall on a sidewalk with an uneven grate at property in Watertown, Connecticut. The plaintiffs two-count complaint alleges claims of negligence against the defendants. The plaintiffs claims are based allegations that the Cavallos, as lessees, and Knollwood, as owner and lessor, controlled and maintained the premises where the plaintiff incurred his injuries. The Cavallos now move for summary judgment on the second count of the complaint.
The complaint alleges the following facts. On May 22, 1998, the plaintiff tripped and Tell and sustained injuries due to an uneven grate on a sidewalk in front of the store leased by the Cavallos and owned by Knollwood in Watertown, access to which was controlled by the Cavallos. The first count alleges negligence against Knollwood. The second count also alleges negligence on the part of the Cavallos. The defendants filed an answer and special defenses to the complaint.
The Cavallos now move for summary judgment on the second count of the complaint. In support of their motion, the defendants filed an affidavit and supporting documentation. The plaintiff timely filed an opposing memorandum of law.
STANDARD FOR SUMMARY JUDGMENT
"Summary Judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." QSP, Inc. v. The Aetna Casualty Surety Company, 256 Conn. 343, 351(2001). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, CT Page 12608 entitle him to a judgment as a matter of law; . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Brackets in original; citation omitted.) Appleton v. Board of Education ofStonington, 254 Conn. 205, 209 (2000). "The existence of the genuine issue of material fact must be demonstrated by counter affidavits and concrete evidence." Pion v. Southern New England Telephone,44 Conn. App. 657, 663 (1997). "The test is whether a party would be entitled to a directed verdict on the same facts." Sherwood v. DanburyHospital, 252 Conn. 193, 201 (2000). "Summary judgment procedure, generally speaking, is an attempt to dispose of cases in a manner which is speedier and less expensive for all concerned than a full-dress trial." Orenstein v. Old Buckingham Corporation, 205 Conn. 572, 574
(1987).
DISCUSSION
The Cavallos argue that the court should grant summary judgment as to the second count because it owed no duty to the plaintiff since it was not in possession and control of the portion of the premises where the plaintiff allegedly fell and sustained injuries. The Cavallos contend that under the terms of the lease, the lessor, Knollwood, maintained control and possession of the sidewalk where the plaintiff fell. Additionally, the Cavallos claim that at no time did they ever assume control of that area of the premises.
The plaintiff argues that summary judgment should be denied because genuine issues of fact exist. The plaintiff argues that under Article Fifth of the lease, the Cavallos were required "to keep the sidewalks in front of . . . the demised premises clean and free of obstructions, snow and ice and that the lease clearly establishes that the Cavallos had possession and control of the sidewalk where the fall occurred. Additionally, the plaintiff contends that these issues are not appropriate for summary adjudication in that the lease terms create a genuine issue of material fact.
"[L]iability can be predicated upon negligence in the control and possession of premises, as opposed to mere ownership thereof." Mack v.Clinch, 166 Conn. 295, 296 (1974). "It is the possession of land that imposes the liability for injuries, rather [than] the ownership of land . . . [because] the person in possession is in a position of control and is best able to prevent harm." (Internal quotation marks omitted.)Charest v. Burger King Corporation, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 395749 (March 3, 1993,Aurigemma, J.). "The word `control' has no legal or technical meaning distinct from that given in its popular acceptation . . . and refers to the CT Page 12609 power or authority to manage, superintend, direct or oversee." (Citations omitted.) Panaroni v. Johnson, 158 Conn. 92, 98 (1958). "Unless it is definitely expressed in the lease, the circumstances of the particular case determine whether the lessor has reserved control of the premises or whether [they] were under the exclusive dominion of the tenant, and it becomes a question of fact and is a matter of intention in the light of all the significant and attendant facts which bear on the issue." Id. Responsibility for the proper care over portions of the premises within the leased area may rest with the lessor if, with the acquiescence of the lessee, he retains control, and an agreement between the parties as to the landlord's right to inspect the premises together with his exclusive right to make repairs therein and the tenant's total abstention from making any repairs would be the equivalent of retention of control of the leased premises. Id. "Control is an issue of fact for the trier only where the written lease cannot be said to resolve definitively or expressly the issue of control." Charest v. Buraer King Corporation, supra, Docket No. 395749 citing Panaroni v. Johnson, supra, 99.
"A lease is a contract . . . and its construction presents a question of law for the court." (Citations omitted.) Robinson v. Weitz,171 Conn. 545, 551 (1976). "[U]nder the common law, landlords have a duty to use reasonable care to maintain in a reasonably safe condition those areas of their premises over which they exercise control." Gore v.People's Savings Bank, 235 Conn. 360, 373 (1995).
The Cavallos submitted the lease agreement between Knollwood, the landlord, and themselves as tenants in support of this motion. Under the terms of the lease, the obligations of the Cavallos include keeping and maintaining "the sidewalks in front . . . of the demised premises clean and free of obstructions, snow and ice." (Motion for Summary Judgment, Exhibit B.) The lease, however, does not place on the Cavallos any obligation to maintain the other common facilities adjacent to the demised premises. The Cavallos' only obligation under the lease is to maintain the demised premises, stores 1-A and 1-B.
The plaintiff argues, however, that the Cavallos had ultimate control of the premises, because the lease provides that the Cavallos could, under certain circumstances, elect to assume the lessor's maintenance obligation. In Charest v. Burger King Corporation, supra, Docket No. 395749, the court found that where there was no evidence of the actual assumption of an obligation to make repairs, that the lease language alone did not create an issue of fact. In this case, the language relied upon by the plaintiff similarly fails to create a genuine issue of material fact. Absent some evidence presented by the plaintiff that the Cavallos did, in fact, exercise control over the sidewalk, reliance on the aforementioned language in the lease without more is insufficient to CT Page 12610 create an issue of material fact, especially in the face of the Cavallos' affidavits, the deposition testimony of Mr. Sarandrea, and the property manager, and the fact the that plaintiff and Knollwood presented no affidavits or other evidence to support their position.[1]
In this case, the evidence submitted by the plaintiff and Knollwood does not create an issue of fact. Therefore, the motion for summary judgment as to the second count is granted.
Cremins, J.