[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Fred Ianniello, brings this action for damages against the defendants, SNET Real Estate, Inc. (SNET Real Estate), and LaRosa Construction Company (LaRosa), to recover for injuries he allegedly sustained on a sidewalk located at his place of employment. By way of a writ of summons and complaint dated January 7, 2000, the plaintiff alleges that he was an employee of Southern New England Telecommunications Company (SNET), which was located at 84 Deerfield Lane in Meriden, Connecticut. He alleges that "while walking to his car, he was caused to slip and fall to the ground due to the dangerous and hazardous conditions on the sidewalk located at said premises." He further alleges that "said premises [were] owned, controlled, possessed, managed and/or maintained by the defendant, SNET Real Estate, Inc.," and that "said occurrence was due to the negligence and carelessness of the defendant, SNET Real Estate, Inc., [in that it] allowed or permitted a substantial portion of said area to remain covered with ice and/or snow which rendered it hazardous and dangerous.
The defendants filed motions for summary judgment accompanied by memoranda of law on February 15, 2001, and May 25, 2001, respectively.[1]
The plaintiff filed an objection to LaRosa's motion for summary judgment on June 7, 2001. The plaintiff has not filed an objection to SNET Real Estate's motion for summary judgment, which is the subject of the instant memorandum. The issue framed by these filings is whether the defendants "owned, controlled, possessed, managed, and/or maintained" the premises where the injuries allegedly sustained by the plaintiff occurred.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a mailer of law." Practice Book § 17-49; Miles v. Foley,253 Conn. 381, 385-86, 752 A.2d 503 (2000). SNET Real Estate claims that it was not in possession or control of the premises at the time of the alleged incident and, therefore, it is not liable to the plaintiff for his injuries. The plaintiff has filed no response.
Our Supreme Court has held that "control [is] . . . a vital issue in the trial of [a] [premises liability] case, since liability can be predicated upon negligence in the control and possession of premises, as opposed to mere ownership thereof" (Internal quotation marks omitted.)Mack v. Clinch, 166 Conn. 295, 296, 348 A.2d 669 (1974). CT Page 4846
"In the absence of a statute or covenant to the contrary, the lessor does not have a duty to keep in repair any portion of the premises leased to and in the exclusive possession and control of the lessee." Thomas v.Roper, 162 Conn. 343, 348, 294 A.2d 321 (1972). Where such a statute or covenant does exist, however, the landlord may retain control over and/or the duty to repair or maintain certain parts of the leased premises. See, e.g., Pollack v. Gampel, 163 Conn. 462, 468, 313 A.2d 73 (1972) (where landlord retains control of portion of leased premises, landlord must use reasonable care to keep that portion of the premises in a reasonably safe condition).
"The word control has no legal or technical meaning distinct from that given in its popular acceptation. . . and refers to the power or authority to manage, superintend, direct or oversee." (Citation omitted.)Panaroni v. Johnson, 158 Conn. 92, 98, 256 A.2d 246 (1969). "Unless it is definitely expressed in the lease, the circumstances of the particular case determine whether the lessor has reserved control of the premises or whether they were under the exclusive dominion of the tenant. . . ." Id.
"A lease is a contract . . . and its construction presents a question of law for the court." (Citations omitted.) Robinson v. Weitz,171 Conn. 545, 551, 370 A.2d 1066 (1976). The relevant portions of the subject lease provide as follows:
 13.2. Tenant shall maintain all portions of the Premises and adjoining areas in a clean and orderly condition, reasonably free of dirt, rubbish, snow, ice, and unlawful obstruction.
 13.3. Except for its warranty obligations, Landlord shall not be required to furnish any services or facilities or to make any repair or alteration in or to the Premises or adjoining areas. Tenant hereby assumes the full and sole responsibility for the condition, operation, repair, replacement, maintenance, and management of the Premises and adjoining areas.
In the present case, no genuine issue of material fact exists regarding who had a duty to maintain the subject premises. According to the affidavit of Dawn Holmes, the secretary of SNET Real Estate, while the subject premises was owned by SNET Real Estate, it was leased, in its entirety, to SNET pursuant to a written lease agreement dated January 12, 1984.[2] The terms of the lease state that the duty to maintain all portions of the premises lies with the tenant, in this case, SNET. CT Page 4847 Further, the lease states that the landlord, in this case, SNET Real Estate, shall not be required to furnish any services for the condition, operation, repair, replacement, maintenance or management of the premises. Since the plaintiff has failed to offer any documentary proof in opposition to SNET Real Estate's claim that it owed no duty to the plaintiff and since it is clear from the terms of the lease that no part of the subject premises remained in the defendant landlord's possession or control at the time of the accident, SNET Real Estate is entitled to judgment as a matter of law. Appleton v. Board of Education, 254 Conn. 205,209, 757 A.2d 1059 (2000) (a party opposing a motion for summary judgment must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact).
 CONCLUSION
Accordingly, the defendant's motion for summary judgment is granted.
BY THE COURT
Skolnick, J.