[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR SUMMARY JUDGMENT
The defendants' motion for summary judgment (#107) is granted. The materials submitted in support of the motion establish that the defendants had relinquished, by means of the lease to the state of Connecticut, any right of possession or control. As such, they are not ordinarily liable to third parties for breaches of any duties to maintain the premises in a reasonably safe condition. See, e.g., Mack v. Clinch,166 Conn. 295 (1974). The cases cited by the plaintiff do indeed support the proposition that one in possession and control has a non-delegable duty to maintain the premises in a reasonably safe condition, but the plaintiff cited no cases, and I independently found no binding authority, CT Page 5238 for the proposition that an owner has a continuing obligation to inspect and to render reasonably safe those premises which have been exclusively demised to another party. Indeed, the "owner" — in this instance, actually the owner of the fee as opposed to the owner of the present right of possession — presumably does not have the power to enter, inspect and maintain.
The plaintiff argues in addition that there is a genuine issue as to whether the exception stated in Webel v. Yale University, 125 Conn. 515
(1939), may provide a basis for recovery. The short answer is that the exception has neither been pled nor has any evidence regarding the necessary elements of the exception been presented in connection with the motion. The exception in addition is intuitively most unlikely, in that the premises were ceded in 1983 and that the alleged defect, a hole in the pavement, is usually not hidden from the tenant in possession and control.
The motion for summary judgment is granted and judgment may enter in favor of the defendants.
Beach, J.