[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE
Pursuant to Practice Book § 10-39 the defendant Hamdor Properties, L.L.P. (hereinafter "Hamdor") has moved to strike the First Count of the plaintiff's complaint dated January 7, 2002.
The plaintiff has brought a negligence action against the defendant, TLC East, L.L.C. and Hamdor Properties, L.L.P. Plaintiff alleges that on January 9, 2000, she was a customer and business invitee of the Applebee's restaurant owned by TLC East, L.L.C. at 2400 Dixwell Avenue in Hamden, Connecticut. She alleges that Hamdor was the owner of said property. On said date, the plaintiff claims that upon rising from her table, she struck her head on a suspended light fixture, which caused her to sustain various injuries. The first Count of the complaint is directed at the defendant Hamdor, the owner of the real property, and alleges negligence and the Second Count of the complaint is directed to the defendant, TLC East, the operator of the Applebee's restaurant. The Second Count of the complaint also alleges negligence.
 I
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). A motion to strike shall be granted if "the plaintiffs complaint [does not] sufficiently [state] a cognizable cause of action as a matter of law." Mora v. Aetna Life and Casualty Ins. Co.,13 Conn. App. 208, 211, 535 A.2d 390 (1988).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings" (Emphasis omitted.) Id. "A motion to strike is properly granted where a plaintiffs complaint alleges legal conclusions unsupported by facts." Id. "In ruling on a motion to strike, the court is limited to the CT Page 11991 facts alleged in the complaint." Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185. (1988). A motion to strike "is to be tested by the allegations of the pleading demurred to, which cannot be enlarged by the assumption of any fact not therein alleged." (Internal quotation marks and citations omitted.) Alarm Applications Co. v.Simsbury Volunteer Fire Co., 179 Conn. 541-50, 427 A.2d 822 (1980).
Upon deciding a motion to strike, the trial court must construe the "plaintiffs complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471, 594 A.2d 1
(1991). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., 196 Conn. 91, 108-09,491 A.2d 368 (1985). However, if the plaintiff has alleged mere conclusions of law unsupported by the requisite facts, the motion to strike should be granted. Cavallo v. Derby Savings Bank, 188 Conn. 281,285, 449 A.2d 986 (1982).
 II
The plaintiff claims that the defendant Hamdor had a duty to keep its property reasonably safe for the benefit of business invitees and to make inspections to discover dangerous conditions. She argues that Hamdor, as the property owner, knew its premises were opened to the public, and that it had a duty to insure the safety of the restaurant patrons. The plaintiff argues that this duty exists despite the fact that Hamdor had leased the property to the defendant, TLC East, L.L.C., who actually ran the Applebee's restaurant where the plaintiffs alleged injuries occurred. The court disagrees with the plaintiff.
Although landlords owe a duty of reasonable care as to those parts of the property over which they have retained control, they generally, as a matter of common law, do not have a duty to keep in repair any portions of the premises leased to and in the exclusive possession and control of the tenant. Gore v. Peoples Savings Bank, 235 Conn. 360, 374, 655 A.2d 1341
(1995). Pollack v. Ganpel, 163 Conn. 462, 468, 313 A.2d 73 (1992). Liability is predicated upon negligence in the control and possession of the premises, as opposed to the mere ownership of the premises. Mack v.Clinch, 166 Conn. 295, 296, 348 A.2d 669 (1974). "Liability for injuries caused by defective premises as based upon possession and control, not upon title." Farlow v. Andrews Corp., 154 Conn. 220, 225, 224 A.2d 546
(1966); Corvo v. Waterbury, 141 Conn. 719, 725, 109 A.2d 869 (1954); Dotyv. Shawmut Bank, 58 Conn. App. 427, 432, 755 A.2d 219 (2000). CT Page 11992
The First Count alleges that the defendant Hamdor was the "owner of real property located at 2400 Dixwell Avenue, Hamden, Connecticut." The court agrees with Hamdor that nowhere in the complaint is there any allegation that Hamdor, as the owner, was in possession and control of the property where the plaintiff was injured. The complaint does allege that the co-defendant, TLC East, operated Applebee's restaurant at said location. It is not alleged that the plaintiff sustained her injuries in a common area, or in an area controlled by the defendant Hamdor. The plaintiff in addition does not allege the terms of any lease or agreement, wherein the defendant Hamdor, would be responsible for the dining area of Applebee's restaurant where the plaintiffs alleged injuries occurred.
Accordingly, the defendant Hamdor's motion to strike the First Count of the plaintiffs complaint is hereby granted.
 The Court By
Arnold, J. CT Page 11993