[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT'S NAUGATUCK VALLEY HOLDINGS, INC. MOTION FOR SUMMARY JUDGMENT
In this premises liability action the defendant, Naugatuck Valley Holdings, Inc. (NVH) seeks summary judgment for the reason that it did not control or possess the property on which the plaintiff fell; therefore, it has no legal duty towards her. Because there is no material issue of fact in this regard, the defendant argues that it is entitled to judgment as a matter of law.
The defendant, Naugatuck Valley Holdings, Inc., leased the premises known as 32 Rubber Avenue to the defendant, Advance Stores Company, Inc., d/b/a/ Advance Auto Parts (Advance). On or about September 4, 1999 the defendant, Advance, contracted with the defendant, Pesce Dubauskas Construction, L.L.C. (Pesce) to provide individuals to paint the premises at 32 Rubber Avenue. Pesce then subcontracted this painting job to the defendant, Gary Fusco, d/b/a/ G. Fusco Painting, who positioned ladders at the entranceway of the defendant's, Advance, automotive parts store. The plaintiff alleges that one of these ladders fell causing her injury.
The defendant, NVH, emphasizes that not only was the property leased to Advance, but Advance contracted with a third party, who, in turn, contracted with a fourth party to perform repairs on the premises. NVH argues that it did not have possession or control over the premises, and more specifically, the dangerous condition which allegedly resulted in the plaintiff's injuries. Accordingly, it cannot be held liable.
Standard of Review
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. P.B. § 17-49; Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 105 (1994); Telesco v. Telesco, 187 Conn. 715, 718 (1982);Yanow v. Teal Industries, Inc., 178 Conn. 262, 268 (1979). A "material" fact is one which will make a difference in the outcome of the case.Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578 (1990). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist. Michaud v. Gurney, 168 Conn. 431, 432 (1975).
The purpose of summary judgment is to eliminate the delay and expense CT Page 6003 accompanying a trial where there is no real issue to be tried. Dowlingv. Kielak, 160 Conn. 14, 16 (1970); Dorazio v. M.B. Foster ElectronicCo., 157 Conn. 226, 228 (1968). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v.Carriage Lane Associates, 219 Conn. 772, 780-781 (1980)
To succeed in a claim for negligence, a plaintiff must allege four "essential elements": duty; breach of that duty; causation; and actual injury. RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 384,650 A.2d 153 (1994). The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand. Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552,554-555, 707 A.2d 15 (1998). If a court determines, as a matter of law, that a defendant owes no duty to a plaintiff, the plaintiff cannot recover in negligence from the defendant. Id. Thus, the issue of whether a defendant owes a duty of care is an appropriate matter for summary judgment because the question is one of law. Pion v. Southern New EnglandTelephone Co., 44 Conn. App. 657, 660, 691 A.2d 1107 (1997).
Discussion
"[L]iability can be predicated upon negligence in the control and possession of premises, as opposed to mere ownership thereof." Mack v.Clinch, 166 Conn. 295, 296, 348 A.2d 669 (1974). "[A] s a matter of common law, although landlords owe a duty of reasonable care as to those parts of the property over which they have retained control, landlords generally [do] not have a duty to keep in repair any portion of the premises leased to and in the exclusive possession and control of the tenant." (Internal quotation marks omitted.) Gore v. People's SavingsBank, 235 Conn. 360, 374, 665 A.2d 1341 (1995).
"In general, to have "control" of the place is to have the authority to manage, direct, superintend, restrict or regulate." Bates v. ConnecticutPower Co., 130 Conn. 256, 261, 33 A.2d. Control is ordinarily a question of fact. Skuzinski v. Bouchard Fuels, Inc., 240 Conn. 694, 704,694 A.2d 788 (1997). "Unless it is definitely expressed in the lease, the circumstances of the particular case determine whether the lessor has reserved control of the premises or whether they were under the exclusive dominion of the tenant, and it becomes a question of fact and is a matter of intention in the light of all the significant and attendant facts which bear on the issue." Panaroni v. Johnson, 158 Conn. 92, 98,256 A.2d 246 (1969).
Submitted by the plaintiff in support of its Motion In Opposition was a CT Page 6004 copy of the lease executed between NVH and Advance. Paragraph 8. REPAIRS
states:
 "Lessor agrees to maintain in good repair, at Lessor's cost subject to paragraph 32, the roof, outer walls (which will include the bulkheads under the plate glass windows), down spouts, underground plumbing, sidewalks, ceilings (when damage is due to roof leakage or failure of Lessor to make repairs Lessor is obligated to make), support of floors, exterior doors and frames and, without limitation, structural portions of the demised premises . . ."
The terms of the lease suggest that the landlord, NVH, retained control over portions of the premises at 32 Rubber Avenue. Moreover, by affidavit, Terrence Cook, a member of Naugatuck Valley Holdings, Inc., stated:
 "I was not notified of the painting activity until after it had already commenced and although I expressed my disapproval . . . [A]dvance proceeded without permission nevertheless." ¶ 6.
In the light most favorable to the non moving party, these documents suggest that NVH retained some control over the premises, had the authority to grant or deny permission to repair the premises and was aware that the premises was under repair prior to the plaintiff's injury. The plaintiff has raised questions of material fact concerning the existence and scope of the defendant's, NVH, control over this premises.
For the above reasons the defendant's, NVH, Motion for Summary Judgment is denied.
___________________ J. WOLVEN